**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:12–cr–00463–JCM–VCF |
| vs. | **ORDER** |
| FREDERICK VERNON WILLIAMS, *et al.*, | |
| Defendants. | |

This matter involves the prosecution of Frederick Vernon Williams, *et al.* for fraudulently procuring United States passports, unemployment benefits, and Nevada identification cards. (*See* Indictment (#1) at 1–3). In the motion for clarification before the court, Assistant Federal Public Defender Brenda Wexler asks the court to confirm that Wexler is Williams' advisory counsel, and not his standby counsel. For the reasons, discussed below, the court confirms Wexler's understanding as correct.

On October 9, 2013, Williams filed a motion to dismiss Ms. Weksler as his attorney "because of irreconcilable differences." (Mot. to Dismiss (#126) at 1). On November 5, 2013, the court held a hearing on Williams' motion. (*See* Mins. Proceedings #138). At the hearing, Williams identified four "irreconcilable differences," which primarily regarded legal arguments and tactics that Williams wanted Ms. Weksler to make in various pretrial motions. (*Id.*) Williams repeatedly stated that he is "at the mercy" of counsel and is not free to direct his defense as he chooses because he is represented. (*Id.*)

1

On November 27, 2013, the court held a hearing on Williams' motion for self-representation. During the hearing, the court asked Williams if he would like to have Ms. Wexler remain as advisory or standby counsel. (*See* Mins. Proceedings #173). He answered that he would. (*Id*.)

The court's minutes of proceedings ultimately appointed Ms. Wexler as standby counsel. As defined by the Ninth Circuit, standby counsel refers to a situation where a *pro se* defendant is given the assistance of advisory counsel who may participate in the defense by making legal arguments and choosing legal tactics. *Locks v. Summer*, 703 F.2d 403, 407 n. 3 (9th Cir. 1983) (citing *United States v. Kelley*, 539 F.2d 1199, 1201, n. 3 (9th Cir. 1976), cert. denied, 429 U.S. 963 (1976)). By contrast, the term advisory counsel "is generally used to describe the situation when a pro se defendant is given technical assistance by an attorney in the courtroom, but the attorney does not participate in the actual conduct of the trial." *Id*.

In light of Williams prior complaints regarding counsel, and specifically Williams' objection that he was "at the mercy" of counsel because he was not free to choose his legal arguments or litigation tactics, the court confirms that Ms. Wexler's role is as advisory counsel, and not standby counsel.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Williams' motion for clarification (#172) is GRANTED.

IT IS FURTHER ORDERED that Assistant Federal Public Defender Brenda Wexler is Defendant Williams' ADVISORY COUNSEL.

IT IS SO ORDERED.

DATED this 18th day of December, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE