# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>FREDERICK VERNON WILLIAMS, *et al.*,<br><br>               Defendants. | 2:12–cr–463–JCM–VCF<br><br>**REPORT & RECOMMENDATION** |

This matter involves the United States of America's prosecution of Defendant Frederick Vernon Williams, *et al.* for aggravated identify theft and false citizenship claims. Before the court is Williams' motion to dismiss the Government's indictment (#176). The Government filed an opposition (#194); and Williams replied (#199). For the reasons stated below, Williams' motion should be denied.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12 governs pleadings and pretrial motions. Under Rule 12(b)(3)(A), a criminal defendant "must" move to dismiss the indictment before trial if there is an alleged "defect in instituting the prosecution." *See* FED. R. CRIM. P. 12(b)(3)(A); *United States v. Schafer*, 625 F.3d 629, 635 (9th Cir. 2010). An indictment is sufficient if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution. *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted); *see also* FED. R. CRIM. P. 7(c). This means that an indictment is sufficient under the rules if the legal

1

allegations are conclusory. *See id*; *accord United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) ("The indictment is sufficient if it charges in the language of the statute.").

When examining a motion to dismiss under Rule 12, the court must take the indictment's allegations as true. 1A WRIGHT & LEIPOLD, FEDERAL PRACTICE & PROCEDURE: CRIMINAL 4TH § 194 (citing, *inter alia*, *United States v. Sampson*, 371 U.S. 75, 78–79 (1962)). If the four corners of the indictment are sufficient, "the district court is bound by the . . . indictment." *See United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). If necessary, the court may make preliminary findings of fact to decide questions of law, such as jurisdiction. *See United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). However, the court may not invade the province of the jury and decide by pretrial motion matters "of the general issue." *Id*.; FED. R. CRIM. P. 12(b)(2) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue").

When deciding a pretrial motion brought under Rule 12, the court's role is merely to determine whether the indictment is facially valid, and not whether either party is entitled to judgment on the pleadings. *See, e.g.*, *United States v. Titterington*, 374 F.3d 453, 457 (6th Cir. 2004) ("[A] pretrial motion alleging a 'defect in the indictment' under [Rule] 12(b)(3)(B), represents the modern equivalent of a 'demurrer' because both pleadings serve to attack the facial validity of the indictment"); *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (citation omitted) ("A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence").

**DISCUSSION**

Williams' motion presents two questions: (1) whether the count three of the Government's Second Superseding Indictment is barred by the five year statute of limitations and (2) whether counts 8 through 23 of the Government's Second Superseding Indictment should be dismissed for selective

2

prosecution, vindictive prosecution, and deporting a witness in violation of Williams' due process rights. Each question is addressed below.

## I.     Count Three is not Barred by the Statute of Limitations

The court begins its analysis with the face of the Government's Second Superseding Indictment. *Boren*, 278 F.3d at 914. Count three of the indictment charges Williams with aggravated identify theft under 18 U.S.C. § 1028(A) for actions relating to E.L.W.'s identity "on or about January 30, 2008, through on or about March 3, 2009." (*See* Second Super. Indict. (#142) at 2:11–12). 18 U.S.C. § 3281 prescribes a five year statute of limitation for aggravated identify theft under 18 U.S.C. § 1028(A).

Williams argues that 18 U.S.C. § 3281 bars prosecution because there was "no use" of E.L.W.'s identity on those dates. (Def.'s Mot. to Dismiss (#176) at 3). Williams asserts that the relevant "use" of E.L.W.'s identity occurred on September 24, 2004, which is barred by the statute of limitations. (*Id*. at 4).

Williams' argument is unpersuasive for two reasons. First, under Rule 12, the court (1) takes the indictment's allegations as true, *see Sampson*, 371 U.S. at 78–79, and (2) limits its review to the indictment's four corners. *Boren*, 278 F.3d at 914. Here, the indictment alleges that Williams violated 18 U.S.C. § 1028(A) "on or about January 30, 2008, through on or about March 3, 2009." (*See* Second Super. Indict. (#142) at 2:11–12). Under Rule 12, this is sufficient because Williams was indicted on December 11, 2012, which is within the five-year state of limitations. (*See* Indict. #1). *Hamling*, 418 U.S. at 117.

Second, Williams' argument regarding "use" is unpersuasive because the court cannot consider evidentiary questions on a Rule 12 motion to dismiss. *See* FED. R. CRIM. P. 12(b); *Jensen*, 93 F.3d at 669 (citation omitted) ("A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence").

3

## II. Counts 8 through 23 do not Violate Williams' Due Process Rights

Williams' motion raises a second question: whether counts 8 through 23 of the Government's Second Superseding Indictment should be dismissed for selective prosecution, vindictive prosecution, and deporting a witness in violation of Williams' due process rights. (*See* Mot. to Dismiss (#176) at 4). Under Rule 12, the court's review of an indictment is normally limited to the indictment's four corners. *Boren*, 278 F.3d at 914. However, the court may consider matters outside of the indictment's four corners to decide questions of law that affect the indictment's sufficiency. *See Shortt Accountancy Corp.*, 785 F.2d at 1452. Williams' motion to dismiss contains three such assertions.

First, Williams argues that the indictment must be dismissed because the Government is vindictively prosecuting him. (*See* Mot. to Dismiss (#176) at 4). "A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right." *United States v. Hernandez-Herrera*, 273 F.3d 1213, 1217 (9th Cir. 2001) (citation omitted). To establish a prima facie case of prosecutorial vindictiveness, Williams "must show either direct evidence of actual vindictiveness or facts that warrant an appearance of such." *United States v. Montoya*, 45 F.3d 1286, 1299 (9th Cir. 1995) (internal quotation marks and citation omitted).

Williams has not satisfied this standard. Williams argues that the Government is vindictively prosecuting him because he exercised his "right to seek pretrial release, voluntary departure to Belize, right to dismiss counsel, right to proceed *pro se*, right to trial, right to apply for bail, and right to challenge his immigration order of removal." (*See* Def.'s Mot. to Dismiss (#176) at 5). Williams further argues that the Government filed its superseding indictment after Williams exercised these rights. (*Id*. at 5–7). These facts do not demonstrate "direct evidence of actual vindictiveness or facts that warrant an appearance of such." *Montoya*, 45 F.3d at 1299. Additionally, this argument fails "[a]s a matter of law" because "the filing of additional charges to make good on a plea bargaining threat—as occurred here—

4

will not establish the requisite punitive motive. . . ." *United States v. Kent*, 649 F.3d 906, 914 (9th Cir. 2011) *cert. denied*, 132 S. Ct. 355 (2011).

Second, Williams argues that the indictment must be dismissed because the Government is selectively prosecuting Williams. (*See* Mot. to Dismiss (#176) at 8). The requirements for a selective-prosecution claim draw on "ordinary equal protection standards." *United States v. Wayte*, 710 F.2d 1385, 1387 (9th Cir. 1983), *affirmed* 470 U.S. 598 (1985). To succeed on a selective prosecution claim, the defendant bears the burden of showing both "that others similarly situated have not been prosecuted and [also] that the prosecution is based on an impermissible motive." *Id*. Williams has not satisfied this standard because he proffered no credible evidence that (1) others similarly situated have not been prosecuted or (2) the prosecution is based on an impermissible motive. (*See* Mot. to Dismiss (#176) at 8).

Third, Williams argues that the indictment must be dismissed because the Government deported a witness favorable to the defense in violation of Williams' constitutional rights. (*See* Mot. to Dismiss (#176) at 9). To establish a claim for a violation of the Compulsory Process Clause of the Sixth Amendment or of the Due Process Clause of the Fifth Amendment the defendant must make a "plausible" showing that (1) "the testimony of the deported witnesses would have been material and favorable to his defense, in ways not merely cumulative to the testimony of available witnesses" and (2) there was a reasonable likelihood that the testimony would have affected the judgment. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 872–73 (1982); *United States v. Cervantes-Gaitan*, 792 F.2d 770, 773 (9th Cir. 1986).

Williams argues that "it is '*conceivable*' that the government knew that the testimony of Joel Collins was material to the defendant's defense and *could possibly* affect the outcome of the trial." (Def.'s Mot. to Dismiss (#176) at 15) (emphasis added). This fails to satisfy William's burden for at

least three reasons. First, "conceivable" falls short of "plausible." *See Valenzuela-Bernal*, 458 U.S. at 872–73 (stating that the defendant's showing must be "plausible"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that "plausible" is not "merely consistent with liability;" "plausible" requires facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Second, Williams did not demonstrate how the deported witnesses' testimony would not be "cumulative" to Williams' own testimony. *Valenzuela-Bernal*, 458 U.S. at 872–73. Third, the court's review of Williams' filings indicate that there is not a "reasonable likelihood" that the deported witnesses' testimony would affect judgment. *Id*.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Williams' motion to dismiss (#176) be DENIED.

IT IS SO RECOMMENDED.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi*

///

///

///

///

*Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 12th day of February, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE