**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>FREDRICK VERNON WILLIAMS, *et al.*,<br><br>    Defendants. | 2:12–cr–463–JCM–VCF<br><br>**REPORT & RECOMMENDATION** |

This matter involves the United States of America's prosecution of Defendant Frederick Vernon Williams, *et al.* for aggravated identify theft and false citizenship claims. Before the court is Williams' motion to suppress (#175[1]). The Government filed a response (#194); and Williams replied (#198). For the reasons stated below, Williams' motion should be denied.

**BACKGROUND**

On February 14, 2014, the court entered an order bifurcating the court's consideration of the instant motion. As stated in the February 14, 2014 order, Williams' motion requests a *Franks* hearing and the suppression of evidence. (*See* Feb. 14 Order at 2 n. 2). Because Williams' motion seeks multiple forms of relief, which are subject to different standards of review under 28 U.S.C. § 636, the court bifurcated its consideration of Williams' motion, as required by court procedure. *See* Special Order 109 (III)(F)(4) ("Motions may ask for only one type of unrelated relief thus, rather than filing a motion to severe and to dismiss, a separate motion to severe and a separate motion to dismiss must be filed.").

---

[1] Parenthetical citations refer to the court's docket.

1

Having addressed Williams' request for a *Franks* hearing in the February 14, 2014 order, the court now turns to Williams' motion to suppress.

## DISCUSSION

Williams' motion to suppress presents two questions: (1) whether the Government's search warrant was unconstitutionally overbroad and (2) whether the warrant was executed in violation of Federal Rule of Criminal Procedure 41(c)–(d). Both arguments are addressed below.

**I.     Whether the Government's Warrant was Overbroad**

The Government's search warrant was not unconstitutionally overbroad. Williams—who is charged with aggravated identify theft and false citizenship claims—argues that the warrant was overbroad because the list of items to be seized, (*see* Attachment B (#92-1) ay 27–29), contains provisions that state, *inter alia*: (1) "Passport and travel documents;" (2) "records and information relating to Luna Consulting," and (3) "records and information relating the Samuel Lopez, Kenneth Burchett, Bruce Forrester, Kyston Patterson, Joel Collins, Maties Saravia, Keith Martin, Patrice Carter, Carolyn Willis, and Marcus Liu." (Def.'s Mot. to Suppress (#175) at 8). Before addressing these arguments, the court begins its analysis of Williams' motion by reviewing the Fourth Amendment's particularity requirement.

**A.     *The Fourth Amendment's Particularity Requirement***

The Fourth Amendment protects against unreasonable searches and seizure. It states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend IV. This imposes three requirements on the Government. *Id*.; *Dalia v. United States*, 441 U.S. 238, 255 (1978). First, a search must be "reasonable." Second, if required, a

2

search warrant must be predicated "upon probable cause." *Id*. Third, if required, a search warrant must "particularly describe[s] the place to be searched, and the persons or things to be seized." *Id*.

The particularity requirement prevents general searches. *Maryland v. Garrison*, 480 U.S. 79, 84 (1987). A warrant is sufficiently particularized if: (1) whether probable cause exists to seize all items of a particular type described in the warrant; (2) whether the warrant sets out objective standards by which the executing officers can differentiate items subject to seizure from those which are not; or (3) whether the government was able to describe the items more particularly in light of the information available to it at the time the warrant was issued. *United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir. 1986).

The warrant's description of items need only be "reasonably specific, rather than elaborately detailed." *Id*. (citing *United States v. Storage Spaces Designated Nos. 8 & 49*, 777 F.2d 1363, 1368 (9th Cir.1985), *cert. denied*, 479 U.S. 1086 (1987) (internal citation omitted)); *see also United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir.1986) (the level of detail necessary in a warrant is related to the particular circumstances and the nature of the evidence sought). "Warrants which describe generic categories of items are not necessarily invalid if a more precise description of the items subject to seizure is not possible." *Id*. The level of specificity required "varies depending on the circumstances of the case and the type of items involved." *Id*.

**B.**     ***Williams' Motion to Suppress Should be Denied***

Williams' motion to suppress should be denied for three reasons. First, Williams' motion is untimely. The operative case management order prescribes June 26, 2013 as the deadline "to file any and all pretrial motions." (See May 17 Order (#78) at 4:16); see also FED. R. CRIM. P. 12(c) ("The court may . . . set a deadline for the parties to make pretrial motions"). Williams' motion was filed on December 4, 2013. Therefore, Williams' motion is untimely and need not be entertained. See Johnson v.

3

Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (stating that a case management order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril").

Second, the search warrant was sufficiently particularized. Williams objects to the search warrant because lists the following items to be seized: (1) "Passport and travel documents," (2) "records and information relating to Luna Consulting," and (3) "records and information relating the Samuel Lopez, Kenneth Burchett, Bruce Forrester, Kyston Patterson, Joel Collins, Maties Saravia, Keith Martin, Patrice Carter, Carolyn Willis, and Marcus Liu." (Def.'s Mot. to Suppress (#175) at 8).

Williams is charged with aggravated identify theft and false citizenship claims. (*See* Indictment #1). As stated in the search warrant affidavit, some of the individuals and identities allegedly involved in Williams' fraudulent scheme included Samuel Lopez, Kenneth Burchett, Bruce Forrester, Kyston Patterson, Joel Collins, Maties Saravia, Keith Martin, Patrice Carter, Carolyn Willis, and Marcus Liu. (*See* Aff. (#92-1) at 6:17–19). The search warrant affidavit also states that Williams used his company, Luna Consulting, to execute the scheme. (*Id.* at 5:23). Because the affidavit directly links specific items to be seized with Williams' alleged criminal conduct, the search warrant is sufficiently particularized. *Spilotro*, 800 F.2d at 963.

Third, Williams' contention that the warrant constituted a "general warrant" rests on a misunderstanding of the Fourth Amendment. "The scope of a search is limited to those places in which there is probable cause to believe an item particularly described in the warrant might be found. A police officer cannot search for a lawnmower in a bedroom, or for an undocumented alien in a suitcase." *Horton v. California*, 496 U.S. 128, 143 n. 1 (1990) (Brennan, J., dissenting on other grounds); *see also* WAYNE LAFAVE, 2 SEARCH & SEIZURE § 4.10(b) (5th ed.) ("If a warrant sufficiently describes

the premises to be searched, this will justify a search of those personal effects found therein and belonging to the person occupying the premises if those effects might contain the described items.").

Here, the warrant identified (1) Williams' home and car as places to be searched because the Government suspected that Williams possessed, manufactured, and sold contraband in those locations and (2) listed particular items related to criminal activity to be seized. (*See, e.g.*, Aff. (#92-1) at 12:7, 14:9, 27). Because the warrant provided the U.S. Magistrate Judge with probable cause to issue a warrant for the search of Williams' home and car, the executing officers were permitted to search anywhere in Williams' home or car where passport documents could be found. *Horton*, 496 U.S. at 143 n. 1. Although potentially expansive, the search was permissible under the Fourth Amendment. *Id*.

**II.      Whether the Warrant's Execution Violated Rule 41(c)–(d)**

Williams' motion to suppress presents a second question: whether the warrant's execution violated Federal Rule of Criminal Procedure 41(c)–(d). The Supreme Court has stated that the Federal Rules of Criminal Procedure do "not constitute a statutory expansion of the exclusionary rule." *United States v. Calandra*, 414 U.S. 338, 348 n. 6 (1974); *United States v. Johnson*, 660 F.2d 749, 753 (9th Cir.1981) (noting that "[o]nly a 'fundamental' violation of Rule 41 requires automatic suppression, and a violation is 'fundamental' only where it, in effect, renders the search unconstitutional under traditional fourth amendment standards.").

There are three circumstances under which evidence obtained in violation of Federal Rule of Criminal Procedure 41 requires suppression: (1) the violation rises to a "constitutional magnitude;" (2) the defendant was prejudiced, in the sense that the search would not have occurred or would not have been so abrasive if law enforcement had followed the Rule; or (3) officers acted in "intentional and deliberate disregard" of a provision in the Rule. *United States v. Martinez–Garcia*, 397 F.3d 1205, 1213 (9th Cir. 2005) *cert. denied*, 546 U.S. 901 (2005).

The court finds that Williams' motion should be denied for two reasons. First, the motion is untimely. The operative case management order prescribes June 26, 2013 as the deadline "to file any and all pretrial motions." (See May 17 Order (#78) at 4:16); see also FED. R. CRIM. P. 12(c) ("The court may . . . set a deadline for the parties to make pretrial motions"). Williams' motion was filed on December 4, 2013 and need not be entertained. *See Mammoth Recreations, Inc*., 975 F.2d at 610.

Second, Williams' motion is not supported by any admissible or credible evidence. Federal Rule of Criminal Procedure 47(d) provides that "[t]he moving party must serve any supporting affidavit with the motion." This rule enables parties to establish facts not contained in the record. *See* FED. R. CRIM. P. 47, Advisory Committee Notes, 1944 Adoption. If facts are not properly established, they are inadmissible *See id*.; *see also* FED. R. EVID. 802 (codifying the rule against hearsay, which would bar many of the statements proffered here[2]). Because neither Williams nor the Government's motion contains any admissible or credible evidence regarding the facts of the search, the court cannot reach the merits of Williams' argument.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Defendant Williams' motion to suppress (#175) be DENIED in part.

IT IS SO RECOMMENDED.

DATED this 14th day of February, 2014.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[2] For instance, Williams proffers his statement, "Jacqueline does not live here, where is the warrant?" for the propositions that (1) Jacqueline did not live with him and (2) the Government did not serve a warrant pursuant to Federal Rule of Criminal Procedure 41(c)–(d). As a result, these statements are inadmissible because they are proffered for the truth of the matter asserted. *See* FED. R. EVID. 801(c)(2), 802.