# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

## ***

UNITED STATES OF AMERICA,

                 Plaintiff,

vs.

FREDRICK VERNON WILLIAMS, *et al.*,

                 Defendants.

2:12–cr–463–JCM–VCF

**ORDER**

This matter involves the United States of America's prosecution of Defendant Frederick Vernon Williams, *et al.* for aggravated identify theft and false citizenship claims. Before the court is Williams' motion for a *Franks* hearing (#175[1]), motion to compel discovery (#180), motion to compel disclosure of the grand jury transcript (#186), and an *ex parte* motion (#197). The Government filed responses (#194, #195); and Williams replied (#198). For the reasons stated below, Williams' motions are denied.

## DISCUSSION

Williams' filings present three questions: (1) whether Williams is entitled to a *Franks* hearing to challenge the U.S. Magistrate Judge's determinations that probable cause existed to issue a search warrant; (2) whether the Government should be ordered to produce *Brady* evidence; (3) whether Williams has shown a "particularized need" for the grand jury transcripts; and (4) whether Williams satisfied the "good cause" standard governing *ex parte* motions under Local Criminal Rule 47-2. Each question is addressed below.

---

[1] Parenthetical citations refer to the court's docket.

1

# I.     Whether Williams is Entitled to a *Franks* Hearing

The first question Williams presents is whether he is entitled to a *Franks* hearing to challenge the U.S. Magistrate Judge's determination that probable cause existed to issue a search warrant. Williams argues that a *Franks* hearing is appropriate because (1) the search-warrant affiant "lied," (2) the search-warrant affiant "recklessly withheld information," and (3) the information in the warrant was "stale." (*See* Def.'s *Franks* Mot. (#175) at 2–5.)[2] Before examining Williams' arguments, the court begins its analysis by reviewing the Supreme Court's decision in *Franks v. Delaware*, 438 U.S 154 (1978).

## A.     *Overturning Probable Cause Findings under* Franks v. Delaware

The Fourth Amendment protects "against unreasonable searches and seizures," and it provides that "[n]o warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. CONST. amend. IV. The text of the Fourth Amendment imposes three requirements on searches and seizures. *Id.*; *Dalia v. United States*, 441 U.S. 238, 255 (1978). First, the searches and seizures must be "reasonable." Second, if required, all warrants must be predicated "upon probable cause." *Id*. Third, if required, a search warrant must "particularly describe[s] the place to be searched, and the persons or things to be seized." *Id*.

The probable cause requirement is normally satisfied by an affidavit executed by an investigating officer. Probable cause exists if "a magistrate judge" concludes that "given all the circumstances set forth in the affidavit[,] . . . there is a fair probability that contraband or evidence of a crime will be found

---

[2] Williams' *Franks* motion also argues that the search warrant was overbroad and improperly executed. (Def.'s *Franks* Mot. (#175) at 8, 14). These arguments trigger an inquiry that is not governed by *Franks v. Delaware*, 438 U.S 154 (1978). Additionally, these arguments require the court to immediately consider whether or not to suppress evidence, which is subject to a different standard of review, *see* 28 U.S.C. § 636(b)(1)(A). As a result, these arguments request a separate form of relief and are addressed by a separate report and recommendation, as required by court procedure. *See* Special Order 109(III)(F)(4) ("Motions may ask for only one type of unrelated relief thus, rather than filing a motion to severe and to dismiss, a separate motion to severe and a separate motion to dismiss must be filed.").

2

in a particular place." *Illinois v. Gates*, 462 U .S. 213, 238–39 (1983). Probable cause is a fluid concept. *Id*. It is the product of "a practical, common-sense" inquiry, which is not easily reduced to a set of legal rules. *Id*.

In *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court established a two-prong test for overturning a magistrate judge's probable cause finding. First, the there is a "presumption of validity with respect to the affidavit supporting the search warrant." *Id*. at 171. Second, a defendant is entitled to an evidentiary hearing on the validity of the affidavit only if he can make a substantial showing that: (1) the affidavit contains intentionally or recklessly false statements or misleading omissions; and (2) the affidavit cannot support a finding of probable cause without the false information or with the misleading omissions. *Id*. at 155–56.

This means that a defendant must show that the affidavit could not support a finding of probable cause even if it was purged of its falsities and supplemented by the omissions. *See Stanert*, 762 F.2d at 782 (citing *Franks*, 438 U.S. at 171–72). A judge's probable cause determination is accorded "significant deference," *United States v. Gil*, 58 F.3d 1414, 1418 (9th Cir. 1995), and will be overturned only if it is "clearly erroneous." *United States v. Stanert*, 762 F.2d 775, 778 (9th Cir. 1985). In making the determination, the court is "limited to the information and circumstances contained within the four corners of the underlying affidavit." *Id*. The duty of a reviewing court is to ensure that the magistrate judge had a "substantial basis" for concluding that probable cause existed. *Gates*, 462 U.S. at 238 (internal quotations omitted).

### B. *Williams' Motion for a* **Franks** *Hearing is Denied*

As a preliminary matter, the court notes that Williams styled his motion as a motion to suppress. The court, however, construes the motion as a motion for a *Franks* hearing for two reasons. First, the gravamen of Williams' motion is that the U.S. Magistrate Judge erred in concluding that there was

3

probable cause to issue a search warrant. (*See* Def.'s *Franks* Mot. (#175) at 2–7). Second, the primary relief that Williams seeks is a hearing under *Franks v. Delaware*. (*Id.* at 1).

Properly distinguishing between a motion to suppress and a motion for a *Franks* hearing is important because it effects the standard of review under 28 U.S.C. § 636(b)(1) and Local Rules IB 1–3 and IB 1–4. These provisions govern the jurisdiction and powers of U.S. Magistrate Judges. They provide that U.S. Magistrate Judges many only decide motions to suppress by issuing a "proposed findings of fact and recommendations" (*i.e.*, a Report & Recommendation). *See* 28 U.S.C. § 636(b)(1)(C); LR IB 1–4(h). Proposed findings of fact and recommendations are subject to a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(C).

By contrast, 28 U.S.C. § 636(b)(1)(A) and Local Rule IB 1–3 state that U.S. Magistrate Judges may "hear and finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A). Matters not exempted by 28 U.S.C. § 636(b)(1)(A) include a motion to determine whether or not the court should hold a hearing under *Franks v. Delaware*. *See* 28 U.S.C. § 636(b)(1)(A). Matters not exempted by 28 U.S.C. § 636(b)(1)(A) are subject to the "clearly erroneous or contrary to law" standard of review, which is a higher standard than the *de novo* standard. *See id*.[3]

With this proviso in mind, the court turns to the merits of the Williams' motion. The motion is denied for four reasons. First, Williams' motion is untimely. The operative case management order

---

[3] The court recognizes that these distinctions may lend themselves to confusion in the context of a motion for a *Franks* hearing. As discussed above, *Franks* hearings involve two steps. (*See supra* § I.A). First, the court must determine whether the defendant has made a "substantial preliminary showing" to warrant a hearing. (*Id.*) Second, if the defendant made a "substantial preliminary showing," then the court holds a hearing and decides whether probable cause existed to issue a warrant. (*Id.*) Because the first step is only a motion for a hearing, the court may dispose of the motion with an order. *See* 28 U.S.C. § 636(b)(1)(A) (not exempting motions for evidentiary hearings from the U.S. Magistrate Judge's jurisdiction). However, because the second step of the *Franks* inquiry involves the possibility of suppressing evidence that is the fruit of an unlawful search and seizure, the court can only dispose of the second step with a report and recommendation. *See id.*; LR IB 1-4(h) (requiring a report and recommendation for motions to suppress); *see also United States v. Thoms*, 684 F.3d 893, 897 (9th Cir. 2012) (noting that a U.S. Magistrate Judge granted a motion for a *Franks* hearing by order and later issued a report and recommendation concerning the outcome of the hearing).

prescribes June 26, 2013 as the deadline "to file any and all pretrial motions." (*See* May 17 Order (#78) at 4:16); *see also* FED. R. CRIM. P. 12(c) ("The court may . . . set a deadline for the parties to make pretrial motions"). Williams' motion was filed on December 4, 2013. Therefore, Williams' motion is untimely and need not be entertained. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (stating that a case management order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril").

Second, Williams' assertion that the search-warrant affiant "lied" are conjectural, unsubstantiated, and conclusory. The motion contains no evidence that could lead the court to suspect that the affiant's representations were untruthful or that Williams' version of the facts is actually true. (*See* Def.'s *Franks* Mot. (#175) at 2–3). To warrant a *Franks* hearing, Williams must make a "substantial showing." *Franks*, 438 U.S. at 155–56. Conclusory allegations, by definition, cannot satisfy this standard. BLACK'S LAW DICTIONARY (9th ed. 2009), conclusory ("Expressing a factual inference without stating the underlying facts on which the inference is based"); *see also United States v. Rollins*, 862 F.2d 1282 (7th Cir. 1988), *cert. denied*, 490 U.S. 1074 (1989) ("Evidentiary hearings are warranted only when the allegations and moving papers are sufficiently definite, specific and non-conjectural and detailed enough to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion.").

Third, Williams' assertion that the search-warrant affiant "recklessly withheld information" is unpersuasive. Omissions in a search warrant affidavit are not fatal unless they are made with an intent to deceive the court, and will not invalidate an affidavit that on its face establishes probable cause. *See United States v. Botero*, 589 F.2d 430, 433 (9th Cir. 1978); *see also United States v. Hole*, 564 F.2d 298 (9th Cir. 1977). Williams has not made any credible showing of intent. (*See* Def.'s *Franks* Mot. (#175) at 3–4). Rather, as discussed above, Williams proffers conjectural, unsubstantiated, and

5

conclusory allegations about the affiant's knowledge. (*Id*.) Conjectural allegations provide no basis for concluding that the affiant "recklessly withheld information" or that Williams' version of the facts is, in reality, true.

Fourth, Williams' assertion that the information in the warrant was "stale" is also unpersuasive. A search warrant is not stale so long as "there is sufficient basis to believe, based on a continuing pattern or other good reasons, that the items to be seized are still on the premises." *United States v. Angulo-Lopez*, 791 F.2d 1394, 1399 (9th Cir. 1986) (quoting *United States v. Gann*, 732 F.2d 714, 722 (9th Cir. 1984)) (internal quotation marks omitted). Williams argues that the information was stale because the affidavit referenced actions that occurred one year before Williams moved into the home that was searched. (Def.'s *Franks* Mot. (#175) at 5). However, the affidavit discusses Williams' allegedly long history of criminal behavior, which allegedly spans from 2004 through 2012. (*See* Gov't's Opp'n (#194) at 6). Given the long duration of alleged criminal activity, the information was not stale because "there is sufficient basis to believe, based on a continuing pattern" that criminal conduct continued through the present. *Angulo-Lopez*, 791 F.2d at 1399.

## II.   <u>Whether the Government should be Ordered to Produce *Brady* Evidence</u>

Williams' filings present a second question: whether the Government should be ordered to produce exculpatory or impeachment evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). Williams argues that the court should order "the Government to produce all exculpatory and impeachment material in its possession" because Williams has "cause and reason" to believe that the Government is neglecting its duties under *Brady*. (Def.'s Mot. to Compel (#180) at 1, 2). Before examining Williams' argument, the court begins its analysis by reviewing the Government's discovery obligations.

### A.      *The Government's Discovery Obligations*

Federal Rule of Criminal Procedure 16 governs discovery and inspection. Rule 16(a)(1)(E) provides that "the government must permit the defendant to inspect" items "within the government's possession, custody or control" if "the item is material to preparing the defense." FED. R. CRIM. P. 16(a)(1)(E). Rule 16 grants defendants "a broad right of discovery." *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013). To obtain discovery pursuant Rule 16(a)(1)(E)(i), "the defendant 'must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense.'" *Doe*, 705 F.3d at 1150. "Neither a general description of the information sought nor conclusory allegations of materiality suffice." *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)).

In addition to Rule 16, the Government has a constitutional duty to disclose to the defendant, upon request, exculpatory evidence. *Brady v. Maryland*, 373 U.S. 83 (1963). The Government is also obligated to turn over all material information that casts a shadow of a doubt on a government witness's credibility. *Giglio v. United States*, 405 U.S. 150, 154–55 (1972). No court order is required to obtain *Brady* or *Giglio* information. *United States v. Aichele*, 941 F.2d 761, 764 (9th Cir.1991) (quoting *United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir. 1985)).

Similarly, Nevada Rule of Professional Conduct 3.8(d), which has been adopted in the District of Nevada, states that "[t]he prosecutor in a criminal case shall [m]ake timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense." As stated in *United States v. Acosta*, "[w]hether evidence is 'useful,' 'favorable,' or 'tends to negate the guilt or mitigate the offense' are semantic distinctions without a difference in the pretrial context." 357 F. Supp. 2d 1228, 1232 (D. Nev. 2005).

7

**B.** *Williams' Motion to Compel is Denied*

Williams' motion to compel seeks seven categories of documents and information. (*See* Def.'s Mot. to Compel (#180) at 3–4). Williams argue that these documents and information should be produced because he has "cause and reason to believe that the Government" is not complying with its discovery obligations under the rules or *Brady*. (*Id.* at 2).

However, Williams never states what this "cause" or "reason" is. As a result, this argument is conclusory. *See* BLACK'S LAW DICTIONARY (9th ed. 2009), conclusory ("Expressing a factual inference without stating the underlying facts on which the inference is based"). Conclusory arguments are generally not entertained by the courts. *See, e.g.*, *United States v. Balcar*, 141 F.3d 1180, 1180 (9th Cir. 1988) ("None of these conclusory arguments are discussed in any depth and we thus decline to address them.").

Nonetheless, the court addresses Williams' concern by reminding the Government of its duties to disclose all *Brady* evidence. The Fifth Amendment's due process clause provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. The due process clause guarantees criminal defendants the right to a fair trial. *Buchalter v. New York*, 319 U.S. 427, 429 (1943). In *Brady*, the Supreme Court determined that the due process clause requires the government to disclose information that may be "favorable" to the defense. 373 U.S. at 87. This includes impeachment evidence. *See Giglio v. United States*, 405 U.S. 150, 154–55 (1972).

Failure to produce such evidence is grounds for declaring a mistrial, which may require a new trial. *See, e.g.*, *United States v. Lewis*, 368 F.3d 1102, 1107 (9th Cir. 2004) (citing *United States v. Davis*, 578 F.2d 277, 280 (10th Cir. 1978)); *United States v. Coleman*, 862 F.2d 455, 458 (3rd Cir. 1988); *see also United States v. Bararia*, No. 2:12–cr–236–APG–GWF, 2013 WL 3353343, at *6 (D. Nev. July 2, 2013) ("The Government has the duty to disclose evidence favorable to the accused even if

8

it does not meet the constitutional standard of materiality for reversal of a conviction under *Brady*. It is also the Government's responsibility to determine whether information in its possession, custody or control is exculpatory or impeachment information. Thus, in response to Defendant's [discovery request], the only order that the Court can or need give is that the Government comply with its duties under *Brady* and Rule 3.8 and make timely disclosures of exculpatory or impeachment information prior to trial.").

### III.   Whether Williams has Shown a "Particularized Need" for the Grand Jury Transcripts

Williams' filings raise a third issue: whether the court should compel disclosure of the Government's grand jury transcripts. (Def.'s Mot. to Compel (#186) at 1). Williams argues that the transcripts are needed to impeach the prosecutor and "key witnesses for the government." (*Id.* at 3). Before examining Williams' argument, the court begins its analysis by reviewing the rationale behind secret grand jury proceedings and Williams' burden under Federal Rule of Criminal Procedure 6(e).

### A.   *Disclosing Grand Jury Proceedings under Rule 6(e)*

Grand jury proceedings are traditionally kept secret. *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 219 (1979). In *Douglas Oil*, the Supreme Court listed the reasons supporting this tradition of secrecy as follows: (1) if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony; (2) witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements; (3) there would be the risk that those about to be indicted would flee; (4) there would be the risk that those about to be indicted would try to influence individual grand jurors to vote against indictment; and (5) by preserving the secrecy of the proceedings, courts assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule. *Id.*

9

Federal Rules of Criminal Procedure 6(e) codifies the expectation of secrecy for grand jury proceedings and provides for limited exceptions. *See* FED. R. CRIM. P. 6(e). A district court may authorize the disclosure of grand jury matters if such disclosure is "preliminarily to or in connection with a judicial proceeding" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." FED. R. CRIM. P. 6(e)(3)(E)(i), (ii).[4] For a request to be "preliminary to" a judicial proceeding, the Supreme Court has held that this exception:

> contemplates only uses related fairly directly to some identifiable litigation, pending or anticipated. Thus, it is not enough to show that some litigation may emerge from the matter in which the material is to be used, or even that litigation is factually likely to emerge. The focus is on the actual use to be made of the material. If the primary purpose of disclosure is not to assist in preparation or conduct of a judicial proceeding, disclosure is not permitted.

*United States v. Baggot*, 463 U.S. 476, 480 (1983). For a request to be "in connection with" a judicial proceeding, a proceeding must already be pending. *Id.* at 479.

In addition, any party seeking grand jury matters under Rule 6(e) must show that: (1) the material sought is needed to avoid possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is structured to embrace only necessary material. *Douglas Oil*, 441 U.S. at 222. General allegations are insufficient; a party seeking grand jury matters must instead show a "particularized need" for the material. *Dennis v. United States*, 384 U.S. 855, 870 (1966); *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986).

/// /// ///
/// /// ///
/// /// ///

---

[4] Subsections (iii)-(v) of Rule 6(e)(3)(E) also provide authority for a district court to disclose grand jury matters, but these sub-sections refer only to disclosure made at the request of the government, and thus, are not pertinent here. *See* FED. R. CRIM. P. 6(e)(3)(E)(iii)-(v).

**B.**   *Williams' Motion to Compel is Denied*

Williams' motion requests the grand jury's transcripts to impeach various Government witnesses. (*See* Def.'s Mot. to Compel (#186) at 3). Because these witnesses have not yet testified, Williams' need for the transcript is speculative and amounts to a "general allegation" of need. This is insufficient. *Dennis*, 384 U.S. at 870. Additionally, Federal Rule of Criminal Procedure 26.2 provides that the Government is not required to produce prior statements by witnesses until after the witnesses have testified. *See* Fed. R. Crim. P. 26.2(a); *United States v. Wallace*, 848 F.2d 1464, 1470–71 (9th Cir. 1988). Because the witnesses have not yet testified, Williams' motion is untimely.

**IV.   <u>Whether Williams Articulated "Good Cause" under Local Criminal Rule 47-2</u>**

Williams' *ex parte* motion is denied without prejudice. Local Criminal Rule 47-2 provides, "[a]ll *ex parte* motions, applications or requests shall contain a statement showing good cause why the matter was submitted to the Court without notice to all parties." LCR 47-2. Williams failed to comply with this requirement.

*Ex parte* communications between the court and litigants, witnesses, and jurors are generally strictly prohibited. This prohibition protects the integrity of the adversarial process, avoids the appearance of unduly influencing the court, and maintains the judiciary's impartiality. *See, e.g.*, *United States v. Gypsum Co.*, 438 U.S. 422, 460 (1978) (explaining that *ex parte* communication is rarely tolerated because it is "pregnant with possibilities for error"); *United States v. Craven*, 239 F.3d 91, 102 (1st Cir. 2001) (quoting 29 Wright & Gold, Federal Practice and Procedure § 6305 (1997 & Supp. 2000) ("[E]x parte communications between the judge and the expert . . . are discouraged.")); Nevada Rule of Professional Conduct 3.5 (stating that a party "shall not seek to influence a judge,

juror, prospective juror or other official by means prohibited by law [or] communicate ex parte with such a person during the proceeding unless authorized to do so by law or court order").

To overcome the presumption against *ex parte* communications, Local Criminal Rule 47-2 requires a showing of "good cause." BLACK'S LAW DICTIONARY (9th ed. 2009), cause ("A legally sufficient reason. • Good cause is often the burden placed on a litigant (usu. by court rule or order) to show why a request should be granted or an action excused."). Williams' motion failed to satisfy this standard because he did not provide any reason why the court should entertain his request on an *ex parte* basis. Therefore, the motion is denied without prejudice.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendant Williams' motion for a *Franks* hearing (#175) is DENIED in part.[5]

IT IS FURTHER ORDERED that Defendant Williams' motion to compel (#180) is DENIED.

IT IS FURTHER ORDERED that Defendant Williams' *ex parte* motion (#197) is DENIED.

IT IS FURTHER ORDERED that Defendant Williams' motion to compel disclosure of the grand jury transcript (#186) is DENIED.

IT IS SO ORDERED.

DATED this 14th day of February, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[5] As discussed above, *see* footnote 2, Williams' motion for a *Franks* hearing requests additional relief that is not governed by *Franks v. Delaware*, 438 U.S 154 (1978), which must be addressed in a separate report and recommendation. *See* Special Order 109(III)(F)(4); (*see also* Feb. 14, 2014 Rep. & Rec.) (addressing Williams' remaining arguments and requests for relief).