1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff(s),<br><br>v.<br><br>FREDERICK VERNON WILLIAMS, et al.,<br><br>          Defendant(s). | 2:12-CR-463 JCM (VCF) |

**ORDER**

Presently before the court is the matter of *United States v. Williams*, case no. 2:12-cr-463-JCM-VCF.  This order addresses the following:

- Magistrate Judge Ferenbach's report and recommendation that defendant Frederick Williams' motion to suppress the search warrant be denied.  (Doc. # 120).

- The magistrate judge's report and recommendation that Williams' motion to suppress involuntary statements be granted.  (Doc. # 121).

- The magistrate judge's report and recommendation that defendant Jacqueline Gentle's motion to suppress the search warrant be denied.  (Doc. # 128).

- The magistrate judge's report and recommendation that Williams' motion to dismiss the indictment be denied.  (Doc. # 202).

**James C. Mahan**
**U.S. District Judge**

1    •    The magistrate judge's report and recommendation that Williams' motion to suppress

2         the search warrant be denied.  (Doc. # 203).

3    •    Williams' motion for reconsideration of the magistrate judge's order denying his

4         motion to reopen bail.  (Doc. # 220).

5    •    Williams' motion for adoption of defense objections.  (Doc. # 231).

6    **I.    Background**

7         Williams is awaiting trial on charges of false citizenship, 18 U.S.C. § 911, false

8    statement in application for passport, 18 U.S.C. § 1542, aggravated identity theft, 18 U.S.C. §

9    1028A(a)(1), conspiracy, 18 U.S.C. § 1349, and mail fraud, 18 U.S.C. § 1341.

10        On December 11, 2012, Agent Roland of the United States Diplomatic Security Service

11   applied for a search warrant for the premises located at 2637 Soledad Way, N. Las Vegas, Nevada

12   89030 (hereinafter "Soledad Way"), and two automobiles.  The application/affidavit for search

13   warrant stated that a cooperating witness ("CW") provided information to Agent Roland relating to

14   defendant Williams and his co-defendants, and that "[t]he substantive information the CW provided

15   to me has been independently corroborated by various investigative methods and the CW has proved

16   to be reliable."

17        The search warrant application/affidavit identifies defendant Williams as "Subject 1," and

18   states that defendant Williams is alleged to have fraudulently obtained a U.S. passport using a

19   computer and finding a man who is a U.S. citizen with the same name as his father.  The

20   application/affidavit also states that Williams is potentially involved in an unemployment

21   compensation fraud scheme, and provides the background of the investigation into such allegations.

22   The application/affidavit also discusses co-defendants and their involvement in the scheme.  (*See*

23   application/affidavit for search warrant, doc. # 92-1).

24        The instant motions contest the validity of the warrant on numerous grounds, seek to dismiss

25   the indictment on numerous grounds, seek to suppress statements made upon interrogation, and

26   request to be released pending trial.

27

28

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

### A. Reports and recommendations

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### B. Reconsideration and LR 3-1 objections

A district judge "may reconsider any pretrial matter [adjudicated by the magistrate judge] . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); LR IB 3-1(a). The district judge may "affirm, reverse or modify, in whole or in part, the ruling made by the magistrate judge." LR IB 3-1(b). Under the "clearly erroneous" standard, the magistrate judge's ruling must be accepted unless, after a review of the record, the court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Silverman*, 861 F.2d 571, 576-77 (9th Cir.1998).

## III. Discussion

Because defendant Frederick Williams is proceeding in *pro se*, his filings are numerous and difficult to follow. The court has done its best to identify the salient points and will address each motion and argument in the manner most convenient for it.

### A. Report and recommendation on defendant Williams' motion to suppress the search warrant

The magistrate judge issued two reports recommending that Williams' motions to suppress the search warrant be denied. (Docs. # 120, 203). Williams has objected to the reports and recommendations (docs. # 170, 214) and the government has responded (docs. # 179, 232).

The motions object to the sufficiency of the warrant issued for Soledad Way. Williams first argues that probable cause did not exist to justify the issuance of the warrant (doc. # 92) and later

**James C. Mahan**
**U.S. District Judge**

1   that the warrant was overbroad and was executed in violation of Fed. R. Crim. P. 41 (doc. # 175).

2   Each argument is addressed in turn.

3                    *I.      Probable cause*

4         Williams contests whether there was probable cause to believe that evidence of a crime

5   would be found at the Soledad Way residence.  In particular, Williams argues that Agent Roland set

6   forth facts indicating that he had knowledge that Williams had been involved in prior crimes;

7   however that his affidavit is insufficient to establish that specific objects connected to those

8   particular crimes would be located at Soledad Way.   Williams' primary contention is that

9   investigation was conducted at the Congress Avenue residence[1], but not enough was done with

10  regards to Soledad Way.

11        When issuing a search warrant, the magistrate judge is only required "to answer the

12  commonsense, practical question whether there is probable cause to believe that contraband or

13  evidence is located in a particular place." *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir.

14  2006)(quotations omitted). This court must pay "great deference" to the probable cause

15  determination made by the magistrate judge issuing the search warrant. *Illinois v. Gates*, 462 U.S.

16  213, 236 (1983). Magistrate judges are entitled to draw "reasonable inferences about where evidence

17  is likely to be kept," and it is not required that the affidavit contain direct evidence that items are at

18  a particular location to establish probable cause regarding that location. *United States v. Angulo-*

19  *Lopez*, 791 F.2d 1394 (9th Cir. 1986) (citing *United States v. Jackson*, 756 F.2d 703, 705 (9th Cir.

20  1985)).

21        In analyzing the sufficiency of the application/affidavit and whether it justified probable

22  cause, the magistrate judge found as follows:

23              (1) the agents were working with a CW who was close to the
              defendant [by marriage], (2) the information provided by the CW
24              regarding the allegations and defendant's prior residence was reliable,
              (3) the CW had informed the agents that defendant Williams had

25

26        ───────────────────
        [1]  According to the CW, Williams had resided at 3123 Congress Ave., Las Vegas, NV 89121, when the
27  investigation begin.  On September 18, 2012, agents began conducting surveillance of that location.  On December 6,
    2012, the CW informed Agent Roland that Williams had moved to the Soledad Way residence, which the agents
28  thereafter surveilled.  (Doc. # 92-1, p. 13-14).

**James C. Mahan**
**U.S. District Judge**                              - 4 -

1    moved to 2637 Soledad Way, (4) surveillance was conducted of the
2    residence, and (5) cars registered to defendant were seen outside the
     residence for a twenty-four (24) hour period and at 3:00 a.m.

(Report and recommendation, doc. # 120, p. 7-8).

This court has independently reviewed the application/affidavit. (Doc. # 92-1).  The court agrees with the magistrate judge's conclusion that these averments contained within the application/affidavit were sufficient to establish probable cause that evidence of the alleged crimes would be found at Soledad Way.

        *ii.*     *Overbreadth*

A warrant is sufficiently particularized if it establishes: (1) whether probable cause exists to seize all items of a particular type described in the warrant; (2) whether the warrant sets out objective standards by which the executing officers can differentiate items subject to seizure from those which are not; or (3) whether the government was able to describe the items more particularly in light of the information available to it at the time the warrant was issued. *United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir. 1986).  The warrant's description of items need only be "reasonably specific, rather than elaborately detailed." *Id*. (citations omitted).

Williams argues the warrant is overbroad because the list of items to be seized provides, *inter alia*, (1) passport and travel documents; (2) records and information relating to Luna Consulting; and (3) records and information relating to Samuel Lopez, Kenneth Burchett, Bruce Forrester, Kyston Patterson, Joel Collins, Maties Saravia, Keith Martin, Patrice Carter, Carolyn Willis, and Marcus Liu.

Williams is charged with aggravated identity theft, false citizenship claims, and fraud.  As stated in the search warrant affidavit, Williams allegedly used his company, Luna Consulting, to execute his scheme, which also allegedly involved the individuals listed. (*See* affidavit, doc. # 92-1).

In addition, the warrant identified Williams' home and car as places to be searched based on information obtained from the C.W., along with Agent Rowland's experience, that Williams possessed, manufactured, and sold fraudulent identification documents from his home and/or vehicles. (*See* affidavit, doc. # 92-1, at 12-14).

**James C. Mahan**
**U.S. District Judge**

- 5 -

1    This court agrees with the magistrate judge's conclusion that the warrant was sufficiently

2    particularized. (*See* doc. # 203).

3         *iii.*  *Fed. R. Crim. P. 41*

4      Williams alleges that the agents executing the warrant did not provide him with a copy nor

5    did they tell him what he was being arrested for.  Based on those allegations, Williams contends that

6    the warrant violated Fed. R. Crim. P. 41(d) and evidence seized during the search should be

7    suppressed.

8      "[S]uppression is rarely the proper remedy for a Rule 41 violation."  *United States v.*

9    *Williamson*, 439 F.3d 1125, 1132 (9th Cir. 2006).  "Only a fundamental violation of Rule 41 requires

10   automatic suppression, and a violation is fundamental only where it, in effect, renders the search

11   unconstitutional under traditional fourth amendment standards." *United States v. Johnson*, 660 F.2d

12   749, 753 (9th Cir. 1981).

13     "There are three circumstances under which evidence obtained in violation of [Rule 41]

14   requires suppression: 1) the violation rises to a 'constitutional magnitude;' 2) the defendant was

15   prejudiced, in the sense that the search would not have occurred or would not have been so abrasive

16   if law enforcement had followed the Rule; or 3) officers acted in 'intentional and deliberate

17   disregard' of a provision in the Rule."  *Williamson*, 439 F.3d at 1133 (*citing United States v.*

18   *Martinez-Garcia*, 397 F.3d 1205, 1213 (9th Cir.); *cert. denied*, 546 U.S. 901 (2005)).

19     Here, Williams has not alleged that the violation rises to a constitutional magnitude.

20   Likewise, he has not alleged that he was prejudiced and the court finds no evidence of such upon its

21   own review.  Finally, there has been no evidence presented that the officers acted in intentional and

22   deliberate disregard of the rule. (*See* motion to suppress, doc. # 175, p. 14-16).  Accordingly, the

23   court concludes that any violation of Rule 41 was a "mere technical error" which does not warrant

24   suppression. *Williamson*, 439 F.3d at 1133.

25     Upon review of the arguments and the report and recommendation, the court finds the

26   magistrate judge properly denied Williams' motions to suppress (docs. # 92, 175).  The report and

27   recommendations (docs. # 120, 203) are adopted in their entireties.

28

**James C. Mahan**
**U.S. District Judge**

- 6 -

1        *B.     Report and recommendation on defendant Williams' motion to suppress involuntary*

2            *statements*

3        Williams filed a motion to suppress involuntary statements (doc. # 91) to which the

4 government opposed (doc. # 118).  After considering the briefing and holding a hearing on the

5 matter, the magistrate judge issued a report which recommended that Williams' motion be granted.

6 (Doc. # 121).  The government did not file objections in response.

7        Where a party fails to object to a report and recommendation, the court is not required to

8 conduct "any review at all . . . of any issue that is not the subject of an objection."  *Thomas v. Arn*,

9 474 U.S. 140, 149 (1985).  Indeed, the Ninth Circuit has recognized that a district court is not

10 required to review a magistrate judge's report and recommendation where no objections have been

11 filed.  *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard

12 of review employed by the district court when reviewing a report and recommendation to which no

13 objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003)

14 (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are not

15 required to review "any issue that is not the subject of an objection.").  Thus, if there is no objection

16 to a magistrate judge's recommendation, then this court may accept the recommendation without

17 review.  *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate

18 judge's recommendation to which no objection was filed).

19        Nevertheless, this court finds it appropriate to engage in a de novo review to determine

20 whether to adopt the recommendation of the magistrate judge.  The magistrate judge's ruling came

21 down to a credibility determination between the agent(s) who interviewed Williams and Williams

22 himself.  The government has not objected to the magistrate judge's conclusion, apparently

23 conceding that the agents' versions of the interrogation are contradictory and that the conclusion that

24 Williams' testimony was more reliable was not in err.  Accordingly, this court has no basis upon

25 which to reject the magistrate judge's credibility determination.

26        Upon reviewing the recommendation and underlying briefs, this court finds good cause

27 appears to ADOPT the magistrate's findings in full.   The magistrate judge's report and

28

**James C. Mahan**
**U.S. District Judge**

- 7 -

recommendation (doc. # 121) are adopted in their entireties and Williams' motion to suppress involuntary statements (doc. # 91) is granted.

C.      *Report and recommendation on defendant Gentle's motion to suppress*

Defendant Jacqueline Gentle has filed a motion to sever (doc. # 95) and motion to suppress the search warrant (doc. # 94). The magistrate judge issued a report which denied the motion to sever without prejudice and recommended that the motion to suppress be denied for lack of standing. (Doc. # 128). Gentle has not filed objections in response.

Although not required to, *see Thomas*, 474 at 140, the court finds it appropriate to engage in a de novo review to determine whether to adopt the recommendation of the magistrate judge. Upon reviewing the recommendation and underlying briefs, this court finds good cause appears to ADOPT the magistrate's findings in full.

The magistrate judge's report and recommendation (doc. # 128) are adopted in their entireties and Gentle's motion to suppress (doc. # 94) is denied.

D.      *Report and recommendation on William's motion to dismiss the indictment*

The magistrate judge issued a report recommending that Williams' motion to dismiss the indictment be denied. (Doc. # 202). Williams has objected (doc. # 213) and the government has responded (doc. # 232).

Williams' multiple motions to dismiss the superseding indictments argue first that count three of the indictment charging him with aggravated identity theft is barred by the statute of limitations. Second, Williams argues that counts 8 through 23 should be dismissed for selective prosecution, vindictive prosecution, and deporting a witness in violation of his due process rights.

With respect to Williams' argument regarding count three, the magistrate judge ruled as follows:

> Williams' argument is unpersuasive for two reasons. First, under Rule 12, the court (1) takes the indictment's allegations as true, *see Sampson*, 371 U.S. at 78–79, and (2) limits its review to the indictment's four corners. *Boren*, 278 F.3d at 914. Here, the indictment alleges that Williams violated 18 U.S.C. § 1028(A) "on or about January 30, 2008, through on or about March 3, 2009." (*See*

James C. Mahan
U.S. District Judge

- 8 -

Second Super. Indict. (#142) at 2:11–12). Under Rule 12, this is sufficient because Williams was indicted on December 11, 2012, which is within the five-year state of limitations. (*See* Indict. #1). *Hamling*, 418 U.S. at 117.

Second, Williams' argument regarding "use" is unpersuasive because the court cannot consider evidentiary questions on a Rule 12 motion to dismiss. *See* FED. R. CRIM. P. 12(b); *Jensen*, 93 F.3d at 669 (citation omitted) ("A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence").

(Report and recommendation, doc. # 202, p. 3).

The magistrate judge's ruling was correct because "the court should not consider evidence not appearing on the face of the indictment." *Jensen*, 93 F.3d at 670 (*quoting United States v. Marra*, 481 F.2d 1196, 1199-1200 (6th Cir. 1973)). As a result, Williams' dispute with regards to the dates in question that encompass this charge may not be considered by the court at this time.

Turning next to Williams' arguments regarding counts 8 through 23, the magistrate judge correctly concluded that the inclusion of these counts do not violate Williams' due process rights.

First, Williams has not sufficiently demonstrated that the government has sought additional charges solely to punish him for exercising his constitutional or statutory rights. *See United States v. Hernandez-Herrera*, 283 F.3d 1213, 1217 (9th Cir. 2001). Williams' bare allegations that the superseding indictments have been brought solely because he exercised his "right to seek pretrial release, voluntary departure to Belize, right to dismiss counsel, right to proceed *pro se*, right to trial, right to apply for bail, and right to challenge his immigration order of removal" (doc. # 176, p. 5) are not supported by "direct evidence of actual vindictiveness or facts that warrant an appearance of such." *United States v. Montoya*, 45 F.3d 1286, 1299 (9th Cir. 1995).

Next, Williams' argument that the government is selectively prosecuting him is not supported by any credible evidence that others similarly situated have not been prosecuted or that the prosecution is based on an impermissible motive. *See United States v. Wayte*, 710 F.2d 1385 (9th Cir. 1983). His subjective belief that he and/or his family are being impermissibly targeted is simply not evidence. Accordingly, the magistrate judge correctly rejected this argument.

Finally, Williams has failed to make a plausible showing that the deportation of a potential

witness, Joel Collins, "would have been material and favorable to his defense, in ways not merely cumulative to the testimony of available witnesses" and that "there was a reasonable likelihood that the testimony would have affected the judgement." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 872-73 (1982); *United States v. Cervantes-Gaitan*, 792 F.2d 770, 773 (9th Cir. 1986).

Upon review of the underlying motions, the magistrate judge's report and recommendations, and the objections thereto, the court hereby adopts the report and recommendations (doc. # 202) in their entireties. Williams' motion to dismiss the indictment (doc. #176) is denied.

      *E.*      *Williams' motion for reconsideration of the magistrate judge's order declining to reopen bail*

Williams seeks reconsideration of the magistrate judge's order denying his motion to reopen bail. (Doc. # 220). The government has filed a response in opposition. (Doc. # 228).

Following indictment, the magistrate judge ordered the defendant released on personal recognizance with certain conditions. Williams was thereafter was taken into custody by ICE on a detainer.

On January 23, 2013, the government filed a petition regarding defendant's pretrial release status (doc. # 23) wherein it asserted that the defendant had appeared before an immigration judge and stated he wished to be voluntarily deported to his country of birth, Belize. Following defendant's arrest on the petition, he was detained pending a revocation hearing. (Doc. # 37).

At the revocation hearing, the government further alleged that, in 2004, Williams had submitted a false application to the Nevada DMV wherein he listed his country of birth as St. Croix, Virgin Islands. It was also alleged that the defendant told the immigration judge that he wished to take his mother with him back to Belize.

The government argued that, based on Williams' multiple conflicting accounts of his place of birth and his expressed desire to return to Belize, he is a "fraudster" who cannot be trusted to comply with his pretrial release conditions, in particular his travel restrictions. Based on these representations, the magistrate judge concluded that the defendant posed a flight risk and ordered him detained.

**James C. Mahan**
**U.S. District Judge**

- 10 -

Most of the arguments before the magistrate on the motion to reopen bail centered around what, specifically, Williams told the immigration judge regarding his desire to return to Belize. The parties represented to the magistrate that a transcript of those proceedings was not available, but one could be obtained in several weeks. The magistrate judge indicated he would be open to revisiting the issue with the benefit of the record of the immigration proceedings before him.

Apparently unhappy with that time frame, the defendant has filed the instant motion, which further requests that the court listen to the oral record of those proceedings in lieu of reviewing the written transcripts.

The defendant has recently filed a "brief" in which he argues that he never made those statements. (Doc. # 237). The recording Williams has marked as exhibit one–in addition to not being properly authenticated–supports the government's contentions. When asked by the immigration law judge what the status of his citizenship is, Williams attempted to "waive" his United States citizenship, admitted he is a citizen of Belize, and requested to be voluntarily departed so that he may gather his family to take with him. (Doc. # 237, ex. 1, track 3 at appx. 2:55). In response to a question posed by the judge, Williams also specifically confirms that he desires to return to Belize with his mother. (*Id.*, track 6 at appx. 3:30-50). It should be noted that members of his family–in particular his wife, sister, and brother–are co-defendants in the instant case.

Based on the representations made by Williams, the government, and the nature of the offenses as charged in the indictment, the court is unable to conclude that the magistrate judge's order denying the motion to reopen bail is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also Silverman*, 861 F.2d at 576 (discussing clearly erroneous standard and holding a ruling must be accepted in absence of a "definite and firm conviction that a mistake has been committed."). Williams' motion for reconsideration (doc. # 220) is therefore denied.

### F.    *Williams' motion for adoption of defense objections*

Williams filed a motion titled "adoption of defense objections" (doc. # 231) in connection with his previously filed objections (docs. # 213, 214) to the magistrate judge's reports and recommendations.

James C. Mahan
U.S. District Judge

- 11 -

1    Williams has repeatedly alleged that the government is vindictively prosecuting him based

2    on the filing of multiple superseding indictments.  This motion essentially requests the court adopt

3    his objections to the reports and recommendations on the basis that the government inadvertently

4    failed to respond to his objections on time.

5    The motion is denied.  The government has fully briefed each issue in front of the magistrate.

6    Further, the government obtained favorable rulings on these motions and is not required to file a

7    reply to his objections in any event.

8    **IV.    Conclusion**

9    In summary, Williams' motions to suppress the search warrant, dismiss the indictment,

10   reconsider the magistrate judge's order, and adopt defense objections are each denied.  Williams'

11   motion to suppress involuntary statements is granted.  Defendant Jacqueline Gentle's motion to

12   suppress is denied.

13   Accordingly,

14   IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the magistrate judge's

15   reports and recommendations (docs. # 120, 203) be, and the same hereby are, ADOPTED in their

16   entireties.  Williams' motions to suppress the warrant (docs. # 92, 175) are hereby DENIED.

17   IT IS FURTHER ORDERED that the magistrate judge's report and recommendation (doc.

18   # 121) be, and the same hereby are, ADOPTED in their entireties.  Williams' motion to suppress

19   involuntary statements (doc. # 91) is hereby GRANTED.

20   IT IS FURTHER ORDERED that the magistrate judge's report and recommendation (doc.

21   # 128) be, and the same hereby are, ADOPTED in their entireties.  Jacqueline Gentle's motion to

22   suppress (doc. # 94) is hereby DENIED.

23   IT IS FURTHER ORDERED that the magistrate judge's report and recommendation (doc.

24   # 202) be, and the same hereby are, ADOPTED in their entireties.  Williams' motion to dismiss the

25   indictment (doc. # 176) is hereby DENIED.

26   IT IS FURTHER ORDERED that the parties' joint motion to review recordings in lieu of

27   transcripts (doc. # 212) be, and the same hereby is, GRANTED.

28

**James C. Mahan**
**U.S. District Judge**

1     IT IS FURTHER ORDERED that Williams' motion for reconsideration (doc. # 220) be, and

2   the same hereby is, DENIED.

3     IT IS FURTHER ORDERED that Williams' motion for adoption of defense objections (doc.

4   # 231) be, and the same hereby is, DENIED.

5     DATED May 30, 2014.

6

7   _____

8   **UNITED STATES DISTRICT JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**