**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>FREDERICK VERNON WILLIAMS, *et al.*,<br><br>            Defendants. | 2:12–cr–0463–JCM–VCF<br><br>**ORDER AND**<br>**REPORT & RECOMMENDATION** |

This matter involves the prosecution of Frederick Vernon Williams, *et al.* for fraudulently procuring United States passports, unemployment benefits, and Nevada identification cards. (*See, e.g.*, Indictment (#1) at 1–3). Before the court are Williams' motions for:

- Rule 17(b) subpoena (#216);
- Rule 17(b) subpoena (#217);
- *Ex parte* motion to proceed to Proceed in District Court Without Prepaying Fees or Costs (#219);
- *Ex parte* motion for reconsideration (#230);
- *Ex parte* motion for clarification (#236);
- *Ex parte* motion for funds for expert assistance (#249);
- Motion to Dismiss (#256); and,
- Motion to Calendar an emergency pretrial order conference (#258).

On June 13, 2014, Williams filed a notice of appeal with the Ninth Circuit Court of Appeals. (*See* Doc. #268). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400,

1

74 L.Ed.2d 225 (1982); *see also Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co*., 906 F.2d 1059, 1063 (5th Cir. 1990) ("When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case. A district court does not have the power to alter the status of the case as it rests before the Court of Appeals.") The district court does not regain jurisdiction over those issues until the court of appeals issues its mandate. *Id*.

Williams' appeals the Honorable James C. Mahan's order, which adopted several of the undersigned's reports and recommendations, including a report and recommendation concerning one of Williams' motions to dismiss. (*See* Doc. #261). Because Williams' appeal potentially affects the entire landscape of Williams' defense, the court denies Williams' motions without prejudice pending an order for the Ninth Circuit.

ACCORDINGLY, and for good cause shown,

## **ORDER**

IT IS ORDERED that Williams' motion for Rule 17(b) subpoena (#216) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Williams' motion for Rule 17(b) subpoena (#217) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Williams' *ex parte* motion to proceed to proceed in the District Court without prepaying fees or costs (#219) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Williams' *ex parte* motion for reconsideration (#230) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Williams' *ex parte* motion for clarification (#236) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Williams' *ex parte* motion for funds for expert assistance (#249) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Williams' motion to calendar an emergency pretrial order conference (#258) is DENIED WITHOUT PREJUDICE.

## **RECOMMENDATION**

IT IS RECOMMENDED that Williams' motion to dismiss (#256) is DENIED WITHOUT PREJUDICE.

DATED this 23rd day of June, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

3