# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:12–cr–463–JCM–VCF |
| vs. | |
| FREDERICK VERNON WILLIAMS, *et al*., | **REPORT & RECOMMENDATION** |
| Defendants. | |

This matter involves the prosecution of Frederick Vernon Williams, *et al*. for fraudulently procuring United States passports, unemployment benefits, and Nevada identification cards. (*See, e.g.*, Indictment (#1) at 1–3). Before the court is Williams's motion to dismiss the government's third superseding indictment (#256). The government opposed (#265); and Williams replied (#281). For the reasons stated below, Williams's motion is denied.

## BACKGROUND

On December 11, 2012, Frederick Williams and others were indicted. (*See* Doc. #1). Trial was initially set for February 11, 2013. (Doc. #18). However, the government obtained a second superseding indictment and third superseding indictment. (*See* Docs. #142, #240). The two additional indictments, along with other requests for trial continuances, resulted in Williams's trail date being pushed back from February 11, 2013, to July 28, 2014. (*See* Doc. #272).

On May 28, 2014, Williams moved to dismiss the government's third superseding indictment (#256). He argued that the third superseding indictment is the product of prosecutorial vindictiveness, "aimed at stalling and frustrating [Williams's] demand for a jury trial." (*Id*. at 3). On June 23, 2014, the court entered a report and recommendation, denying Williams's motion to dismiss without prejudice

pending his appeal to the Ninth Circuit. (*See* Doc. #278). The Honorable James C. Mahan, U.S. District Judge, declined to adopt that recommendation, and referred the motion to this court for a decision. (*See* Doc. #290). This report and recommendation follows.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12 governs pleadings and pretrial motions. Under Rule 12(b)(3)(A), a criminal defendant "must" move to dismiss the indictment before trial if there is an alleged "defect in instituting the prosecution." *See* FED. R. CRIM. P. 12(b)(3)(A). One potential defect includes what Williams alleges here: that the government violated Williams's due process rights by engaging in "prosecutorial vindictiveness."

To establish a prima facie case of vindictive prosecution, a defendant "must show either direct evidence of actual vindictiveness or facts that warrant an appearance of such." *United States v. Montoya*, 45 F.3d 1286, 1299 (9th Cir. 1995) (quoting *United States v. Sinigaglio*, 942 F.2d 581, 584 (9th Cir. 1991)). A presumption of vindictive prosecution may arise from evidence "indicating a realistic or reasonable likelihood of vindictiveness." *Montoya*, 45 F.3d at 1299 (quoting *United States v. Garza-Juarez*, 992 F.2d 896, 906 (9th Cir. 1993)). This presumption will not attach, however, until the defendant "prove[s] an improper prosecutorial motive through objective evidence." *Montoya*, 45 F.3d at 1299 (citing *United States v. Goodwin*, 457 U.S. 368, 380 n. 12, (1982)); *United States v. Alexander*, 287 F.3d 811, 818 (9th Cir. 2002). Upon establishing a prima facie case of vindictive prosecution, or a supported presumption of vindictive prosecution, the burden shifts to the prosecutor to prove that "independent reasons or intervening circumstances dispel vindictiveness and justify its [prosecutorial] decisions." *United States v. Hooton*, 662 F.2d 628, 634 (9th Cir. 1981), *cert. denied*, 455 U.S. 1004 (1982).

## DISCUSSION

Williams has failed to satisfy this standard. He has not provided any direct evidence of prosecutorial vindictiveness or any facts that warrant a finding of an appearance of vindictiveness. Indeed, Williams's entire argument that the government engaged in prosecutorial vindictiveness is mistakenly rooted in routine matters of court procedure. The "evidence" on which Williams relies in support of his contention that the government is engaging in prosecutorial vindictiveness is the following: (1) the government filed three indictments against him; (2) the government represented that discovery was complete in connection with the second superseding indictment; (3) Williams repeatedly requested a jury trial; (4) one of Williams's codefendants has been granted pre-trial release; and (5) eight counts in the third superseding indictment "stem from the same investigation which gave rise to" the second superseding indictment. From these events, Williams concludes that the government's third superseding indictment is vindictive because it was entered after Williams invoked his right to a jury trial and after Williams's co-defendant was set free on pretrial release.

This argument fails as a matter of law. First, there is no objective evidence of vindictiveness. Williams' entire argument rests on this action's procedural history. Second, Williams's motion also fails because there is no indirect or circumstantial evidence of vindictiveness. The crux of Williams' argument is the following: Williams's requested a jury trial and Williams's co-defendant was set free on pretrial release; then the government obtained a third superseding indictment; therefore, the government engaged in prosecutorial vindictiveness. This is not logical, indicative of misconduct, or supported by law. *See, e.g.*, *United States v. Goodwin*, 457 U.S. 368, 384 (1982) ("The possibility that a prosecutor would respond to a defendant's pretrial demand for a jury trial by bringing charges not in the public interest that could be explained only as a penalty imposed on the defendant is so **unlikely** that a presumption of vindictiveness certainly is not warranted.") (emphasis original).

As stated by the United States Supreme Court,

> In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion. Within the limits set by the legislature's constitutionally valid definition of chargeable offenses, 'the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation' so long as 'the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'

*Bordenkircher*, 434 U.S. at 364 (citing *Oyler v. Boles*, 368 U.S. 448, 456 (1962)). Here, Williams has not argued that the government indicted him because of his race, religion, or other arbitrary classification. Additionally, Williams has failed to proffer any circumstantial evidence that remotely suggests that the government acted improperly.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Williams's motion to dismiss the government's third superseding indictment (#256) be DENIED.

IT IS SO RECOMMENDED.

DATED this 22nd day of July, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE