**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br>vs.<br><br>FREDERICK VERNON WILLIAMS,<br><br>                 Defendant. | Case No. 2:12–cr–00463–JCM–VCF<br><br>**<u>ORDER</u>** |

This matter involves the United States prosecution of Frederick Vernon Williams, *et al*. Before the court is Williams' Request for Preparation of Transcripts at Government's Expense (#307[1]). For the reasons discussed below, Williams' motion is denied.

**LEGAL STANDARD**

"It is well settled that an indigent criminal defendant is entitled to a transcript of prior proceedings, at the government's expense, if it is reasonably necessary to present an effective defense at the subsequent proceeding." *United States v. Cousins*, 845 F. Supp. 2d 708, 710 (E.D. Va. 2012) (citing *United States v. Johnson*, 584 F.2d 148, 157 (6th Cir. 1978) citing 18 U.S.C. § 3006A(e)(1), and *Britt v. North Carolina*, 404 U.S. 226 (1971)). However, pursuant to 28 U.S.C. § 753(b) and (f) access to materials such as transcripts are not constitutionally required until after judicial certification that access is required to decide issues presented in a pending, non-frivolous case. *United States v. Soto-Valdez*, No. 95-320, 2009 WL 1311954, slip op. at \*3 (D. Az. May 12, 2009) (citing *United States v. Losing*, 601 F.2d 351, 353 (8th Cir. 1979)). Free transcripts are privileges committed to the discretion of the judge. *United States v. Banks*, 369 F. Supp. 951, 953 (M.D. Pa. 1974). Defendants applying for free transcripts

---

[1] Parenthetical citations refer to the court's docket.

are required to demonstrate a particular need for the transcript by providing factual allegations to support their claims. *Soto-Valdez*, 2009 WL 1311954, at *5 (citing *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993); *Banks*, 369 F. Supp. at 353. Mere assertions absent supporting factual allegations do not satisfy section 753(f). *Soto-Valdez*, 2009 WL 1311954, at *5. In matters such as this, the court is tasked with ensuring that taxpayers do not incur needless costs as a result of cases that will not come to fruition because said cases are not supported by meritorious claims.

**DISCUSSION**

Williams' motion fails to satisfy this standard because Williams does not demonstrate with "particularity" the reasons why the requested transcripts are "necessary." *Banks*, 369 F. Supp. at 953. To justify authorization of investigative or legal services at the government's expense, Williams must demonstrate the "particular need" for the legal services requested. *Id*. Williams fails to provide factual allegations in support of the claims made on appeal and offers neither proof nor does he claim that the matters before the court are not frivolous. *Id*; *Soto-Valdez*, 2009 WL 1311954, at *3.  Essentially, Williams does not make any arguments in support of his motion.

The court recognizes Williams' desire to defend himself in this matter; however, the court has a duty to ensure that in using taxpayers' money it does so judiciously. In order to satisfy section 3006A(e)'s requirements, Williams must identify (1) the "particular need" for each transcript requested; (2) why the transcripts are "reasonably necessary" to present an effective case; and (3) proof that the claim is not frivolous.  *Cousins*, 845 F. Supp. 2d at 710; *Soto-Valdez*, 2009 WL 1311954, at *3. Because Williams fails to provide the court with a basis to make the determination that the requested transcripts are required to decide issues presented before the court the motion is DENIED.

//

//

2

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Williams' Request for Preparation of Transcripts at the Government's Expense (# 307) is DENIED.

IT IS SO ORDERED.

DATED this 12th day of September, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE