UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>FREDERICK VERNON WILLIAMS,<br><br>Defendant(s). | Case No. 2:12-CR-463 JCM (VCF)<br><br>ORDER |

Presently before the court is defendant Frederick Vernon Williams' motion appealing the magistrate judge's order denying his motion for preparation of transcripts at the government's expense. (Doc. # 318). The government filed a response. (Doc. # 320). Williams did not file a reply.

Also before the court is Williams' motion *in limine* to exclude evidence. (Doc. # 323). The government filed a response. (Doc. # 335). Williams did not file a reply.

Williams has also filed a motion for ruling on all of his pending pretrial motions. (Doc. # 341).

**I.  Background**

Williams stands charged with: (1) false statement in application for passport; (2) false citizenship claim; (3) aggravated identity theft; (4) theft of government money; (4) conspiracy to commit mail fraud; and (5) mail fraud. (Doc. # 204).

On December 13, 2012, the court appointed the federal public defender to represent Williams. (Doc. # 12). On December 19, 2012, Williams was released on personal recognizance bond. (Doc. # 26). On February 20, 2013, following a hearing, the magistrate judge revoked Williams' pretrial release. (Doc. # 41). Williams has since remained in continuous federal custody.

**James C. Mahan**
**U.S. District Judge**

1    On November 27, 2013, Williams filed a motion to proceed *pro se*. (Doc. # 168). That same day he filed a motion to re-open his detention hearing. (Doc. # 171). The magistrate judge granted Williams' motion to proceed *pro se* and appointed the federal public defender as advisory counsel. (Doc. # 173).

On June 6, 2014, Williams filed his notice of appeal to the Ninth Circuit Court of Appeals regarding this court's May 30, 2014 order denying Williams' motion to re-open his detention hearing. (Doc. # 263). Williams also filed a notice to appeal his original detention order. (Doc. # 268).

On July 25, 2014, this court entered the United States Court of Appeals for the Ninth Circuit's mandate granting Williams' motion for voluntary dismissal of his notice of appeal regarding this court's May 30, 2014 order. (Doc. # 297). Williams' second notice of appeal, (doc. # 268), remains.

On August 8, 2014, defendant filed a motion for preparation of transcripts at the government's expense. (Doc. # 307). The magistrate judge denied the motion. (Doc. # 317). Williams filed a motion appealing the magistrate judge's denial. (Doc. # 318). This motion is presently before the court.

On October 9, 2014, Williams filed a motion *in limine* to exclude evidence. (Doc. # 323). The government filed a response in opposition. (Doc. # 335). Williams did not file a reply. This motion is presently before the court.

The court notes that Williams' filings have been voluminous. Many of his motions have been meritless. Williams has also repeatedly sought reconsideration of this court's orders. Nonetheless, the court will address each of Williams' motions in turn.

**II.    Legal Standards**

  A. *Appeal of magistrate judge's orders*

When reviewing the magistrate judge's order, this court determines whether the order is clearly erroneous or contrary to law. *See* Local Rule IB 3-1. The magistrate judge's order is "clearly erroneous" if this court is left with "a definite and firm conviction that a mistake has

James C. Mahan
U.S. District Judge

- 2 -

been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992).

B. *Admissibility of evidence*

As a general rule, all relevant evidence is admissible, subject to certain exceptions. Fed. R. Evid. 402. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed R. Evid. 403. This requires that the probative value of the evidence be compared to the articulated reasons for exclusion, and permits exclusion only if one or more of those reasons "substantially outweigh" the probative value. As the advisory committee notes explain, unfair prejudice means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."

**III.   Discussion**

a. *Preparation of transcripts at government expense*

Williams has appealed this court's denial of his request for release pending trial to the Ninth Circuit. (Doc. #268). Pursuant to Federal Rule of Appellate Procedure 9(a), "a defendant who questions the factual basis for the district court's order must file a transcript of the release proceedings or an explanation of why a transcript was not obtained."

On July 30, 2014, the Ninth Circuit ordered Williams to file transcripts within 21 days, or an explanation for why transcripts had not been filed. (Doc. # 299). Williams then filed a designation of transcripts and a motion for preparation of the transcripts at the government's expense. The magistrate judge denied Williams' motion. (Doc. #317). Subsequently, on September 24, 2014, the Ninth Circuit granted Williams a 21-day extension to comply with Rule 9(a) and provide transcripts of the relevant court proceedings. (Doc. # 319).

The government did not oppose Williams' request for transcripts at the government's expense. Likewise, the government does not oppose the instant motion appealing the magistrate judge's order denying that request. (Doc. # 320).

James C. Mahan
U.S. District Judge

- 3 -

While the court is sympathetic to Williams' desire to appeal his detention pending trial, the magistrate judge's order is not clearly erroneous or contrary to law.  Outside of indicating that he had filed an appeal of his detention order, Williams' motion for transcripts at the government's expense failed to identify "(1) the 'particular need' for each transcript requested; (2) why the transcripts are 'reasonably necessary' to present an effective case; and (3) proof that the claim is not frivolous."  (Doc. # 317).  Therefore, the court denies Williams' motion appealing the magistrate judge's order, (doc. # 318).

  b. *Motion to exclude evidence*

Williams seeks to preclude the government from introducing the United States Department of State letter dated January 8, 2013, and any reference to it in its entirety. (Doc. # 323).  The letter purported to revoke Williams' passport as being fraudulently obtained.  *Id.* Williams takes particular issue with a sentence in the fourth paragraph of the letter which states: "In fact, on December 12, 2012, you signed a sworn affidavit admitting that your true biological father is Eric Alexander Williams and that you fraudulently obtained passport number 038999715."  Williams points out that the statement referenced in the letter was deemed involuntary and ordered suppressed by this court. (Doc. # 261).

Williams argues that the letter is not relevant for purposes of proving the charge of false statement in a passport application since the government need not prove that Williams successfully obtained the passport or the current status of such passport.  Further, that the letter is not relevant for purposes of proving theft of government money because the government need only prove that Williams was not a citizen of the United States at the time the applications were made.  To the extent the evidence has any probative value, Williams argues that such value is substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, or needlessly presenting cumulative evidence and should therefore be excluded under Fed. R. Evid. 403.

Based upon this court's order granting Williams' motion to suppress the statements referenced in the letter, the government agrees to redact the objectionable sentence.  (Doc. # 335).  The government argues that the redacted letter is admissible as an admission by silence

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  under Fed. R. Evid. 801(d)(2)(B). The letter advised the defendant that if he wished to contest
2  the revocation action, he must notify the Department of State within 60 days of receipt of the
3  letter. Williams did not contest the revocation of his passport at any time. The government
4  contends that Williams' failure to contest the revocation of his passport was an adoptive
5  admission. (Doc. # 335).

6  When an accusatory statement is made in a defendant's presence and hearing, and he
7  understands and has an opportunity to deny it, the statement and the defendant's failure to deny it
8  are admissible against him. Fed. R. Evid. 801(d)(2)(B); *Osborne v. United States*, 371 F.2d 913,
9  921 (9th Cir. 1967) (internal citations omitted). Before admitting an admission by silence, the
10 district court must find that sufficient foundational facts have been introduced for the jury
11 reasonably to conclude that the defendant did actually hear, understand and accede to the
12 statement. *See United States v. Sears,* 663 F.2d 896, 904 (9th Cir. 1981) (internal citations
13 omitted). Once admitted, the jury decides whether the defendant actually heard, understood, and
14 acquiesced in the statement. *See United States v. Moore*, 522 F.2d 1068, 1075 (9th Cir. 1975).

15 The Department of State's letter was accusatory in nature and the government has
16 introduced sufficient foundational facts from which the jury could reasonably conclude that
17 Williams did actually understand and accede to the statement. The government points to a
18 pleading before the Executive Office for Immigration Review in which Williams acknowledged
19 the January 8, 2013 letter and waived objection to the admission of the letter into evidence in the
20 immigration court. (Doc. # 335, Ex. A). Therefore, the letter is admissible as an admission by
21 silence, so long as the letter is relevant and its probative value is not substantially outweighed by
22 a danger of unfair prejudice.

23 The letter and Williams' failure to object to the accusations therein are clearly relevant
24 for purposes of proving that Williams "willfully and knowingly made a false statement in an
25 application for a passport." 18 U.S.C. § 1542. That the government need not prove that
26 Williams successfully obtained the passport, or the current status of the passport, does not
27 remove the proffered evidence's relevance for purposes of proving Williams' state of mind.
28

**James C. Mahan
U.S. District Judge**

- 5 -

Moreover, the high probative value of the proffered evidence is not substantially outweighed by a danger of unfair prejudice.

The same analysis applies for the charges against Williams for theft of government money. Williams argues that the letter has no relevance because to sustain a conviction for theft of government property, "the government need only prove that the defendant was not a citizen of the United States at the time the applications were made, and thus he was not entitled to the benefits he received." (Doc. # 323). Williams is wrong. To sustain a conviction for theft of government property, the government must prove that the defendant willfully and knowingly stole. The letter and Williams' silence is relevant for purposes of proving Williams' intent and its probative value is not substantially outweighed by a danger of unfair prejudice. The letter, as redacted, is admissible. Therefore, the court denies Williams' motion to suppress. (Doc. # 335).

*c. Motion for Ruling*

It is well established that "district courts have inherent power to control their dockets." *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (internal citations omitted). The court takes notice of Williams' motion for ruling. The court will decide his remaining pre-trial motions in due course.

**V. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Williams' motion appealing the magistrate judge's order, (doc. # 317), be, and same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Williams' motion *in limine* to exclude evidence, (doc. #323) be, and same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Williams' motion for ruling, (doc. #341) be, and same hereby is, DENIED as moot

DATED November 13, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**