# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Case No. 2:12–cr–463–JCM–VCF |
| FREDERICK V. WILLIAMS, *et al*., | **ORDER** |
| Defendants. | |

Before the court is *pro se* Defendant Williams' Motion to Sever (#409). The government opposed (#425). Williams did not reply. For the reasons stated below, Williams' motion is denied.

On June 24, 2013, Williams' co-defendant moved to sever. (Doc. #89). This court entered a report and recommendation denying the motion on September 25, 2013. (Doc. #120). On May 5, 2014, the Honorable James C. Mahan, U.S. District Judge, adopted the report and recommendation is full. (Doc. #261). Nonetheless, on January 12, 2015, Williams filed the instant document. Although styled as a motion to sever it is merely an affidavit in support of the previously adjudicated motion to sever. (*See generally* Doc. # 409). Williams supports severance because he wants to testify on behalf of his co-defendant, which he cannot do without prejudicing his own defense. (*Id*. at 2).

Williams' motion is denied for two reasons. First, the issue of severance is moot. The court adjudicated the matter on May 5, 2014. Second, Williams lacks standing to argue that he should testify on his co-defendant's behalf. Strategic trial decisions, such as whether to call Williams as a witness, "rest[] upon the sound professional judgment of the trial lawyer." *Gustave v. United States*, 627 F.2d 901, 904

1

(9th Cir. 1980). These decisions are "virtually unchallengeable." *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendant Williams' Motion to Sever (#409) is DENIED.

IT IS SO ORDERED.

DATED this 9th day of February, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE