UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>FREDERICK VERNON WILLIAMS,<br><br>　　　　　　　　　Defendant(s). | Case No. 2:12-CR-463 JCM (VCF)<br><br>ORDER |

Presently before the court is *pro se* defendant Frederick Vernon Williams's application for leave to amend defendant's objection to the magistrate's report and recommendation ("R&R") denying defendant's motion for severance of counts and defendants. (Doc. # 374). The government has filed a response, (doc. # 382), and defendant has filed a reply, (doc. # 401).

Also before the court is defendant Williams's motion *in limine*. (Doc. # 381). The government has filed a response, (doc. # 383), and defendant has filed a reply, (doc. # 403).

**I.　Background**

Defendant Williams[1] is awaiting trial on charges of false citizenship, 18 U.S.C. § 911, false statement in application for passport, 18 U.S.C. § 1542, aggravated identity theft, 18 U.S.C. § 1028A(a)(1), conspiracy, 18 U.S.C. § 1349, and mail fraud, 18 U.S.C. § 1341.

. . .

. . .

. . .

---

[1] There are two defendants in this case with the last name Williams: Frederick and Denise Williams. For the purposes of this order, "defendant Williams" will always refer to defendant Frederick Williams.

**James C. Mahan**
**U.S. District Judge**

Because defendant Williams is proceeding *pro se*, his filings are numerous and difficult to follow. The court has done its best to identify the salient points and will address each motion and argument in the manner most convenient for it.

On June 24, 2013, defendant Williams filed a motion for severance of counts and defendants. (Doc. # 89). Defendant Williams asked the court to sever the counts in this case, as (a) "the offenses charged seem to [be] divide[d] into two groups: 1) immigration-related fraud and 2) unemployment fraud," (b) "[t]hese two groups of offenses are not similar in character nor are they based on the same act or transaction," (c) "[t]he Government will be introducing evidence at trial which tends to support the notion that Williams was involved in fraudulent conduct as to both groups of offenses," and (d) "[i]t is logical to assume that the jury will likely find Williams more likely to have committed the unemployment fraud after hearing evidence regarding the immigration-related fraud." (Doc. # 89).

The government argued that the superseding indictment filed on April 16, 2013, illustrated four separate events that gave rise to the charges against defendant Williams and that these four events and the resulting charges are sufficiently connected to make joinder proper. (Doc. # 97).

On September 25, 2013, the magistrate judge released an order and a report and recommendation. (Doc. # 120). The magistrate judge ordered that defendant's motion for severance of counts and defendants be denied without prejudice. (Doc. # 120). The magistrate judge also recommended that defendant Williams's motion to suppress the search warrant be denied. (Doc. # 120).

On November 27, 2013, defendant Williams filed an objection to the magistrate judge's order denying defendant's motion for severance of counts and defendants and to the magistrate judge's report and recommendation. (Docs. ## 169, 170). The government filed a response to the defendant's objections to the report and recommendation on December 16, 2013. (Doc. # 179). Defendant Williams did not file a reply.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

On May 20, 2014, the government filed a third superseding indictment. (Doc. # 240). On May 30, 2014, this court adopted the magistrate judge's report and recommendation in full and denied defendant Williams's motion to suppress the search warrant.[2] (Doc. # 261).

Defendant's arraignment took place on May 28, 2014. (Doc. # 255). Local Rule 12–1(a)(1) provides for the filing of pretrial motions within thirty days of arraignment. LR 12–1. Thus, this court ordered that "any and all pre-trial motions and notice of defense" be filed by June 28, 2014. (*See* doc. # 260). As a result, defendant Williams was given until June 28, 2014, to file pretrial motions. (Doc. # 260).

On December 3, 2014, approximately five months after the pretrial motion deadline had passed, defendant Williams filed the instant motion to amend his objections to the magistrate judge's report and recommendation. Defendant claims that the government's third superseding indictment, (doc. # 240), "changed significantly" the "landscape of this case" and necessitated his filing of amended objections. (Doc. # 374).

On November 10, 2014, the government served defendant Williams with notice of its intent to introduce evidence of an incident whereby defendant sought to defraud his life insurance company by claiming he had passed away and by attempting to collect on his life insurance policy. (Doc. # 356). This evidence includes the defendant's application for life insurance, the defendant's application for reinstatement, a recorded phone call made by defendants Frederick and Denise Williams to the life insurance company, and various letters regarding the defendant's life insurance policy. (*See* docs. ## 356, 383).

Subsequently, on December 16, 2014, defendant filed the motion *in limine* currently before the court, seeking to suppress any evidence relating to the aforementioned life insurance policy. Defendant claims that any such evidence would violate Federal Rule of Evidence ("FRE") 404(b), or in the alternative, FRE 403.

. . .

. . .

---

[2] The court also considered and adopted a number of other recommendations the magistrate judge made, which are not pertinent to the instant motion. (*See* doc. # 261).

James C. Mahan
U.S. District Judge

- 3 -

## II. Discussion

Defendant Williams asks this court for leave to amend his objection to the magistrate judge's R&R, as well to prevent the government from introducing evidence at trial relating to the defendant's life insurance policy. These motions will be addressed in turn.

As an initial matter, the court acknowledges that defendant filed these motions *pro se*. Therefore, defendant's filings will be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006) (stating that the *pro se* status of a petitioner "informs and colors the lens through which we view the [petitioner's] filings").

*A. Defendant's motion for leave to amend his objection to the magistrate judge's R&R*

Defendant Williams presents his motion as one for leave to amend his objection to the magistrate judge's report and recommendation. However, the entirety of the defendant's brief focuses on whether this court should sever various counts and co-defendants. (*See* doc. # 374). Indeed, defendant Williams concludes his motion by stating that he asks this court to "(1) sever counts 1,2,3,8,28,29,30,32, & 33 from all remain counts; (2) sever Defendant Williams from his co-defendant Denise Williams, Jacqueline Gentle and Carolyn Willis-Casey, and; (3) properly sever counts 1,2,3,8,28,29,30,32, & 33 for trial against defendant Williams." (Doc. # 374).

It is clear that defendant's motion is not for leave to amend his objection, but a motion for severance. Furthermore, Magistrate Judge Ferenbach has issued an order addressing defendant Williams's previous motion for severance. (*See* doc. # 120). Therefore, defendant's motion might also be considered a motion for this court to reconsider the magistrate judge's order denying defendant's motion for severance. Defendant Williams argues, in essence, that this court should sever the claims and defendants, or reconsider the magistrate judge's order, in light of the third superseding indictment filed by the government on May 20, 2014. (*See* doc. # 240).

Under the Federal Rules of Criminal Procedure, the court may set a deadline for the parties to make pretrial motions. Fed. R. Crim. P. 12(c)(1). A motion for the severance of charges or defendants must be made prior to trial. Fed. R. Crim. P. 12(b)(3)(D). Defendant Williams's arraignment took place one week after the government filed its third superseding indictment, at which time a pretrial motion deadline was set. Defendant failed to file his motion to sever the

James C. Mahan
U.S. District Judge

- 4 -

claims and defendants, or any motion to extend the deadline, during this period (from May 28, 2014, to June 28, 2014). Therefore, the defendant's motion is untimely (as conceded by defendant), and the defendant must show good cause for the delay. *See* Fed. R. Crim. P. 12(c)(3). If good cause is not shown, defendant is deemed to have waived his claim, and this court need not address it. Fed. R. Crim. P. 12(c)(3).[3]

To show good cause, one must show both "(1) 'cause' for the failure to raise the claim on time, and (2) 'prejudice' resulting from the error." Fed. R. Crim. P. 12 advisory committee's note; *Shotwell Mfg. Co. v. United States*, 371 U.S. 341, 363 (1963); *Polizzi v. United States*, 550 F.2d 1133, 1138 (9th Cir. 1976).

Defendant claims that there is good cause for the delay because a third superseding indictment was introduced which added additional charges. However, the deadline for pretrial motions was set after the third superseding indictment was filed. Defendant offers no explanation for why this motion was not filed sooner, or why he did not attempt to extend the pretrial motion deadline. In fact, when a co-defendant sought to continue the pretrial motions deadline during this period, defendant Williams would not agree to a stipulation of the continuance, even though it was unopposed by the government. (*See* doc. # 280). Therefore, defendant has failed to show good cause for the five month delay in filing his motion, and thus, the motion will be denied.

  B. *Defendant's motion in limine*

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1980).

Judges have broad discretion when ruling on motions *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *United States v. Benzer*, No. 2:13-CR-18-JCM-GWF, 2014 WL 6747151, at *1 (D. Nev. Dec. 1, 2014). However, "a motion *in limine* should not be

---

[3] Although Federal Rule of Criminal Procedure 12 no longer uses the term "waiver" in addressing the consequences of a party's failure to submit a motion before a set deadline, the advisory committee notes make clear that this is still the effect, and that the term "waiver" was omitted simply to avoid confusion over whether a determination that the defendant *intended* to relinquish his rights was necessary. Fed. R. Crim. P. 12 advisory committee's notes.

James C. Mahan
U.S. District Judge

- 5 -

used to resolve factual disputes or weigh evidence." *Goodman v. Las Vegas Metro. Police Dep't*, 963 F. Supp. 2d 1036, 1047 (D. Nev. 2013).

*In limine* rulings are provisional, and therefore do not bind the trial judge, who may change his or her mind during the course of a trial. *Ohler v. United States,* 529 U.S. 753, 758 n.3 (2000); *accord Luce,* 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). Furthermore, "[d]enial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Goodman*, 963 F. Supp. 2d at 1047.

Defendant claims that the government intends to introduce, among other things, evidence of his application with his life insurance company, Prudential, and of a recorded phone call to Prudential. Defendant claims that any evidence relating to his life insurance policy with Prudential is inadmissible character evidence under FRE 404(b). Defendant argues, in the alternative, that the probative value of any such evidence would be substantially outweighed by its prejudicial nature, and thus, such evidence is inadmissible under FRE 403. The government claims that such evidence is "inextricably intertwined" with the crimes charged in the indictment, and that such evidence falls under the exceptions provided in FRE 404(b)(2).

FRE 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404. However, FRE 404(b)(2) states that such evidence may still be admissible if offered to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404.

Evidence should not be considered "other crimes" evidence under FRE 404(b)(1) when such evidence is "inextricably intertwined" with evidence of the crimes charged. *United States v. Lillard*, 354 F.3d 850, 854 (9th Cir. 2003). This is because "[t]he policies underlying [FRE] 404(b) are inapplicable when offenses committed as part of a 'single criminal episode' become other acts simply because the defendant is indicted for less than all of his actions." *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993).

1    The government's third superseding indictment alleges: (1) that defendant Williams made a false statement in an application for a passport; (2) that he falsely represented himself as a citizen in an immigration petition for an alien fiancé and in an application for appointment as a notary public; (3) that he knowingly stole money from the United States in the form of unemployment benefits, Social Security disability benefits, federal student aid grants, United States Department of Agriculture Supplemental Nutrition Assistance Program benefits, and Medicaid benefits; and (4) that he conspired to commit, and committed, mail fraud in relation to obtaining unemployment insurance benefits.

The government now seeks to introduce evidence of an entirely separate incident, whereby the defendant allegedly attempted to defraud his life insurance company. The government claims that FRE 404(b) does not prohibit the introduction of this evidence because this incident is "inextricably intertwined" with the crimes charged against the defendant. This argument must fail.

In *Lillard*, the Ninth Circuit stated that evidence is "inextricably intertwined if it constitutes a part of the transaction that serves as the basis for the criminal charge." *Lillard*, 354 F.3d at 854. In that case, the court found that the defendant "stole [] cocaine from the very shipment that provided the basis for his involvement in the conspiracy to possess and distribute cocaine," and thus, evidence that the defendant stole cocaine was inextricably intertwined with the conspiracy charge. *Id.*

Defendant's false statements to his life insurance company do not serve the basis for, and are in no way "inextricably intertwined" with, the government's charges. Each of the aforementioned charges involves making misrepresentations to, or stealing money from, various public bodies. Whereas the defendant's conduct in *Lillard* had a direct link to the crimes charged against him, here the defendant's life insurance policy is entirely removed from the government's charges. The defendant's false statements to his life insurance company were not, in any sense, part of the transaction giving rise to the government's charges.

The similarity between the conduct alleged in the indictment and the other acts alleged does not render the other acts "inextricably intertwined" with those events surrounding the

**James C. Mahan**
**U.S. District Judge**

- 7 -

indictment. Indeed, character evidence is most prejudicial when the other acts are similar to those charged against the defendant.

Furthermore, unlike in *Williams*, the defendant's other acts do not provide "necessary context for" the charges against the defendant. *See Williams*, 989 F.2d at 1070. And unlike in *Lillard*, the events surrounding the life insurance policy are not so closely related to the charges against the defendant that they can be considered a "single criminal episode." *See Lillard*, 354 F.3d at 854–55.

The government also claims that evidence relating to the defendant's life insurance policy is admissible under FRE 404(b)(2), as it tends to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

Under Ninth Circuit precedent, "[s]uch evidence may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012).

The government "has the burden of proving that the evidence meets all of the above requirements." *United States v. Arambula–Ruiz,* 987 F.2d 599, 602 (9th Cir. 1993). "If the evidence meets this test under Rule 404(b), the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002).

The government provides two specific examples of how the defendant's application for life insurance tends to prove a material point in this case: (1) the application for life insurance states that his father was in "good health," when he stated that his father was deceased in his passport application, and (2) the application for reinstatement states that the defendant worked for "Luna Consulting," a company that the government contends was a conduit for the defendant's unemployment insurance benefits scheme. This court agrees.

Furthermore, this court finds that the other elements are satisfied here. The alleged life insurance fraud occurred shortly after the period in which the defendant was allegedly carrying out unemployment benefit fraud (possibly within two months). Also, given the applications and

James C. Mahan
U.S. District Judge

- 8 -

Prudential's letter to Denise Williams indicating that they had been informed that Frederick Williams had passed away, (*see* doc. # 356, ex. A), there is sufficient evidence that the alleged life insurance fraud occurred. The life insurance fraud also seems quite similar to some of the offenses charged, as they both allegedly involve Frederick and Denise "in a conspiracy to defraud by making false claims of benefit entitlement." The false claims in both instances are also regarding an individual's personal status (*e.g.*, whether someone is a citizen, whether someone is alive, etc.).

However, the government then asserts that the rest of the evidence surrounding the alleged life insurance fraud scheme is admissible, as it tends to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," without identifying which of these actually apply. This conclusory assertion by the government fails to demonstrate that evidence relating to the actual fraud tends to prove a material point. Indeed, this court fails to see how informing the jury of defendant's life insurance fraud scheme would tend to benefit the government's position beyond reflecting on the defendant's character.

Therefore, the defendant's life insurance applications are admissible only to the extent that they show (1) an independent link between the defendant and Luna Consulting, and (2) relevant contrasts between the defendant's life insurance application and passport application. This court rejects defendant's FRE 403 claim with respect to this evidence. Such evidence certainly has probative value and does not pose a risk of unfair prejudice when it is disassociated from other evidence suggesting that the defendant lied about passing away to collect life insurance proceeds.

Furthermore, all other evidence surrounding the defendant's life insurance policy, including the recorded phone call made by defendants Frederick and Denise Williams to Prudential, is inadmissible character evidence. Unless, and until, the government identifies specifically how such evidence shows "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," this court finds that such evidence merely reflects upon the defendant's character, and that the probative value of such evidence would be substantially outweighed by its unquestionably prejudicial nature.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 9 -

**III.    Conclusion**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for leave to amend his objection to the magistrate's R&R, (doc. # 374), be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendants' motion *in limine*, (doc. # 381), be, and the same hereby, is GRANTED in part and DENIED in part, consistent with the foregoing.

DATED March 26, 2015.

_____
UNITED STATES DISTRICT JUDGE