UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>FREDERICK VERNON WILLIAMS,<br><br>Defendant(s). | Case No. 2:12-CR-463 JCM (VCF)<br><br>ORDER |

Presently before the court is *pro se* defendant Frederick Vernon Williams's motion to reconsider. (Doc. # 470). The government has filed a response, (doc. # 475), and defendant has filed a reply, (doc. # 483).

**I.   Background**

Defendant Williams[1] is awaiting trial on charges of false citizenship, 18 U.S.C. § 911, false statement in application for passport, 18 U.S.C. § 1542, aggravated identity theft, 18 U.S.C. § 1028A(a)(1), conspiracy, 18 U.S.C. § 1349, and mail fraud, 18 U.S.C. § 1341.

Because defendant Williams is proceeding *pro se*, his filings have been numerous and difficult to follow. The court has done its best to identify the salient points.

On June 24, 2013, defendant Williams filed a motion for severance of counts and defendants. (Doc. # 89). Defendant Williams asked the court to sever the counts in this case, as (a) "the offenses charged seem to [be] divide[d] into two groups: 1) immigration-related fraud and 2) unemployment fraud," (b) "[t]hese two groups of offenses are not similar in character nor are

---

[1] There are two defendants in this case with the last name Williams: Frederick and Denise Williams. For the purposes of this order, "defendant Williams" will always refer to defendant Frederick Williams.

**James C. Mahan**
**U.S. District Judge**

1 they based on the same act or transaction," (c) "[t]he Government will be introducing evidence at
2 trial which tends to support the notion that Williams was involved in fraudulent conduct as to both
3 groups of offenses," and (d) "[i]t is logical to assume that the jury will likely find Williams more
4 likely to have committed the unemployment fraud after hearing evidence regarding the
5 immigration-related fraud." (Doc. # 89).

6 The government argued that the superseding indictment filed on April 16, 2013, illustrated
7 four separate events that gave rise to the charges against defendant Williams and that these four
8 events and the resulting charges are sufficiently connected to make joinder proper. (Doc. # 97).

9 On September 25, 2013, the magistrate judge released an order and a report and
10 recommendation. (Doc. # 120). The magistrate judge ordered that defendant's motion for
11 severance of counts and defendants be denied without prejudice. (Doc. # 120). The magistrate
12 judge also recommended that defendant Williams's motion to suppress the search warrant be
13 denied. (Doc. # 120).

14 On November 27, 2013, defendant Williams filed an objection to the magistrate judge's
15 order denying defendant's motion for severance of counts and defendants and to the magistrate
16 judge's report and recommendation. (Docs. ## 169, 170). The government filed a response to the
17 defendant's objections to the report and recommendation on December 16, 2013. (Doc. # 179).
18 Defendant Williams did not file a reply.

19 On May 20, 2014, the government filed a third superseding indictment. (Doc. # 240). On
20 May 30, 2014, this court adopted the magistrate judge's report and recommendation in full and
21 denied defendant Williams's motion to suppress the search warrant.[2] (Doc. # 261).

22 Defendant's arraignment took place on May 28, 2014. (Doc. # 255). Local Rule 12–
23 1(a)(1) provides for the filing of pretrial motions within thirty days of arraignment. LR 12–1.
24 Thus, this court ordered that "any and all pre-trial motions and notice of defense" be filed by June
25 28, 2014. (*See* doc. # 260). As a result, defendant Williams was given until June 28, 2014, to file
26 pretrial motions. (Doc. # 260).

27
28    [2] The court also considered and adopted a number of other recommendations the magistrate judge made, which are not pertinent to the instant motion. (*See* doc. # 261).

**James C. Mahan**
**U.S. District Judge**

- 2 -

On December 3, 2014, approximately five months after the pretrial motion deadline had passed, defendant Williams filed a motion to amend his objections to the magistrate judge's report and recommendation. Defendant claimed that the government's third superseding indictment, (doc. # 240), "changed significantly" the "landscape of this case" and necessitated his filing of amended objections. (Doc. # 374).

The court denied defendant's motion for leave to amend his objection to the magistrate judge's report and recommendation. (Doc. # 464). The court found that defendant's motion was not for leave to amend his objection, but a motion for severance or a motion for the district judge to reconsider the magistrate judge's denial of defendant's previous motion for severance. The court found that, under Federal Rule of Criminal Procedure 12, defendant's motion was untimely. Finally, the court found that defendant did not show good cause to justify his five month delay in filing his motion.

Defendant files for reconsideration of this decision. (Doc. # 470).

**II.     Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).

**III.    Discussion**

Defendant asserts that the court mistakenly construed his motion for leave to amend his objections to the magistrate judge's report and recommendation as a new motion for severance. Defendant asserts that his motion is not untimely if considered a motion for leave to amend.

James C. Mahan
U.S. District Judge

- 3 -

Defendant argues that, if construed as a motion for leave to amend, his five month delay is not tardy, because Federal Rule of Civil Procedure 15 instructs that leave should be freely given when justice so requires.[3]

Upon review of defendant's motion for leave to amend, the court's findings do not change. The entirety of the defendant's brief focuses on whether this court should sever various counts and co-defendants. (*See* doc. # 374). Indeed, defendant Williams concludes his motion by stating that he asks this court to "(1) sever counts 1,2,3,8,28,29,30,32, & 33 from all remain counts; (2) sever Defendant Williams from his co-defendant Denise Williams, Jacqueline Gentle and Carolyn Willis-Casey, and; (3) properly sever counts 1,2,3,8,28,29,30,32, & 33 for trial against defendant Williams." (Doc. # 374).

It remains clear that defendant's motion is not for leave to amend his objection, but a motion for severance.

Defendant provides no evidence of clear error by this court, or newly discovered evidence to justify his five month delay. The court will deny defendant's motion for reconsideration.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Frederick Vernon Williams's motion to reconsider (doc. # 470) be, and the same hereby is, DENIED.

DATED May 28, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[3] The court notes that this is a criminal case. Therefore, the Federal Rules of Civil Procedure are inapplicable.

**James C. Mahan**
**U.S. District Judge**

- 4 -