UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>FREDERICK VERNON WILLIAMS, et al.,<br><br>Defendant(s). | Case No. 2:12-CR-463 JCM (VCF)<br><br>ORDER |

Presently before the court is defendant Frederick V. William's motion to reconsider denial of his request for modification of conditions of release and to clarify the court's release order. (Doc. # 607). The government filed a response (doc. # 611), and defendant filed a reply. (Doc. # 612).

**I.      Background**

On May 20, 2014, the government filed a third superseding indictment charging Mr. Williams and three co-defendants with 34 counts relating to their alleged scheme to fraudulently procure United States passports, unemployment benefits, and Nevada identification cards. Mr. Williams faces charges for making a false statement in an application for a passport in violation of 18 U.S.C. § 1542; making a false citizenship claim in violation of 18 U.S.C. § 911; aggravated identify theft in violation of 18 U.S.C. § 1028A(a)(1); theft of government money in violation of 18 U.S.C. §§ 2 and 641; mail fraud in violation of 18 U.S.C. § 1341; and conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 1341 and 1349. Mr. Williams is proceeding to trial *pro se*.

**James C. Mahan**
**U.S. District Judge**

1  His codefendants Denise Williams (his wife),[1] Jacqueline Louisa Gentle, and Carolyn Willis-Casey[2] are each represented by counsel and will proceed to trial alongside Mr. Williams. Trial is scheduled to begin January 4, 2016. (Doc. # 589).

On September 28, 2015, Mr. Williams moved this court to modify his conditions of release to remove the requirement that he wear an electronic location monitoring bracelet and allow him to travel outside of Clark County, Nevada. (Doc. # 590). Magistrate Judge Foley held a motion hearing on October 14, 2015. (Doc. # 604). At the hearing, Judge Foley denied the motion with respect to the request to remove the electronic location monitoring condition. (*Id.*).

Defendant now requests that the court reconsider Judge Foley's denial of that modification, arguing that there are less restrictive means than electronic location monitoring by which the court can mitigate flight risk and reasonably assure the appearance of defendant at trial. Defendant also moves the court to clarify its pretrial release order, specifically the condition which requires him to refrain from contacting a "potential witness" in the prosecution. Defendant asks the court to order the government to list potential witnesses he cannot contact.

**II.     Legal Standard**

Title 18 U.S.C. § 3142(a) provides, "[u]pon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be . . . released on a condition or combination of conditions under subsection (c) of this section." 18 U.S.C. § 3142(a). Under subsection 3142(c), if a court determines that a person should not be released on their own recognizance, release may be ordered "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B).

---

[1] For the purposes of this order, any reference to "Williams" or "defendant Williams" refers to defendant Frederick V. Williams.

[2] A fourth co-defendant, Deon Gentle, pled guilty before this court on April 30, 2013. (Doc. # 65). The court sentenced him on July 29, 2013, to time served per count to run concurrent with three years (total) of supervised release. (Doc. # 111).

James C. Mahan
U.S. District Judge

- 2 -

The statute "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir.1985). However, "[t]he government's regulatory interest in community safety can, in appropriate circumstances, outweigh an individual's liberty interest." *United States v. Salerno*, 481 U.S. 739, 748 (1987).

"The judicial officer may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). Additionally, "[i]f a person is released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense ... (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release." 18 U.S.C. § 3145(a).

The district court reviews a magistrate judge's detention order under 18 U.S.C. § 3145(a) *de novo*. *See United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir.1990) (considering detention order under 18 U.S.C. § 3145(b)); *United States v. Petersen*, 557 F.Supp.2d 1124, 1127 (extending Koenig to motion brought under 18 U.S.C. § 3145(a)). Although the Ninth Circuit has not ruled on whether a district judge's review of a magistrate judge's order on a motion seeking to modify conditions of release under subsection 3142(a)(2) should be reviewed *de novo*, trial courts routinely do so. *See, e.g.*, *United States v. Overstreet*, 2011 WL 5079848, at *1 (D.Idaho Oct. 26, 2011) (citing United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir.1990).

**III.  Discussion**

   A.  *Electronic Monitoring Condition*

Release pending trial is governed by the Bail Reform Act of 1984 which mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required. *Motamedi*, 767 F.2d at 1405. The Fifth and Eighth Amendments' prohibitions of deprivation of liberty without due process and of excessive bail require careful review of pretrial detention orders to ensure that the statutory mandate has been respected. *Id.*

Mr. William's conditions include electronic location monitoring via ankle bracelet. He now argues that this is excessively restrictive and asks the court to reconsider imposition of the

condition. (Doc. # 607 at 2 3). He states that the monitoring condition is to ensure his compliance with curfew and argues that pretrial services can effectively monitor curfew without the restrictive location monitoring. (*Id.*). He also argues that he is not a flight risk because (i) he is under supervision by ICE; (ii) he has appeared at all court proceedings thus far; (iii) he has complied with pretrial services supervision; (iv) he is expecting a baby with his wife in Nevada; and, finally, (v) because he forfeited his passport to the government. (*Id.*).

The government argues in response that the location monitoring condition was imposed because defendant is a flight risk and that the condition is therefore not excessive. (Doc. # 611 at 1 2). The government must establish risk of flight by a clear preponderance of the evidence. *Motamedi*, 767 F.2d at 1406. The government argues that it has already established the defendant's status of a flight risk. (Doc. # 611 at 1).

In support of its contention that it has already proved defendant is a flight risk, the government argues that: (i) Mr. Williams is a citizen of Belize living unlawfully in the United States; (ii) there is a stayed order of deportation pending against Mr. Williams from ICE; (iii) defendant has previously requested that ICE allow voluntary deportation to Belize; (iv) in the alternative, he asked that ICE deport him involuntarily; and (v) defendant is planning for several of his family members to return to Belize this winter. (*See id.* at 1 2; doc. # 675 at 3 6). The government argues further that defendant Carolyn Willis-Casey admitted in a revocation proceeding (doc. ## 625, 637) that Mr. Williams has recently been living in an apartment she fraudulently obtained on his behalf after he was evicted from his prior residence. (*Id.* at 3). In short, the government argues that Mr. Williams lacks ties to the community, is living here illegally, has no work authorization, has already attempted to leave the country, and continues to engage in allegedly fraudulent conduct. (*Id.*).

First, the court finds that Judge Foley's factual finding that Mr. Williams poses a flight risk by clear and convincing evidence was correct.[3] Most alarmingly, Mr. Williams has already tried to use ICE legal and procedural mechanisms to remove himself from the United States. Further,

---

[3] In his reply, defendant argues that the sole purpose of the ankle monitor is to ensure compliance with curfew. (Doc. # 612 at 2). To the contrary, the court determines that the primary purpose of the ankle monitor is to ensure appearance at trial and mitigate flight risk.

**James C. Mahan**
**U.S. District Judge**

- 4 -

his ties to the community are limited to his family, several members of which are his codefendants in this matter. He has exhibited a general lack of respect for the laws of this country, most recently by fraudulently occupying a residence while awaiting a trial on charges of, amongst other things, fraud.

Despite the finding that defendant is a flight risk, this court has allowed Mr. Williams to enjoy pretrial release while imposing conditions to ensure his appearance at pretrial proceedings and, most importantly, his impending trial. Having established that Mr. Williams is a flight risk, the court must now determine whether a combination of conditions requiring electronic location monitoring is the least restrictive combination of conditions that will assure Mr. William's appearance.

The court finds that the electronic ankle monitor is, at worst, a minor inconvenience to defendant. Defendant has not put forth any arguments as to how the electronic monitoring has restricted or restrained him beyond ensuring compliance with the other conditions of his release.[4] So long as Mr. Williams complies with those conditions, the monitor does not further restrict his activities. Further, Mr. Williams has not suggested a less restrictive condition with which to incentivize his compliance with his responsibility to appear. He simply argues it is not necessary. His appearances at prior proceedings, *while* wearing the ankle monitor, do not convince the court that he is suddenly not a flight risk *without* the ankle monitor.

Thus, the court finds that the ankle monitor and other conditions imposed on defendant constitute the least restrictive means to assure that Mr. Williams will appear as required. *See Motamedi*, 767 F.2d at 1405. Defendant's motion to reconsider the order denying his motion for modification of release conditions will therefore be denied.

B.   *Request for Clarification*

Mr. Williams also moves the court to clarify its pretrial release order by ordering the government to list witnesses it does not want Mr. Williams to contact. (Doc. # 607 at 4). The

---

[4] There was discussion at the October 14, 2015, motion hearing related to an embarrassing incident involving Mr. William's child and a misunderstanding related to his bracelet at the child's school. (Doc. # 675 at 9–10). The court echoes Judge Foley's finding that any such incident can be avoided by use of attire that effectively hides the monitor. (*Id.*).

James C. Mahan
U.S. District Judge

- 5 -

government indicates that it does *not* wish to place any restrictions on the witnesses Mr. Williams can contact. (Doc. # 611 at 2 3). It represents that it will not object to any such contact. (*Id.*). Furthermore, trial is currently scheduled for January 4, 2016, less than a week from today's date. Mr. Williams has indicated he already plans to call over thirty witnesses at the trial. Given the government's indication on the record that it will not object to Mr. Williams contacting its witnesses, Mr. William's request for an order requiring it to list witnesses it does *not* want him to call will be denied as moot. (*See id.*). He may, however, contact whichever government witnesses he pleases in his final preparation for trial. The court reminds Mr. Williams though that the witnesses are not *required* to respond to his attempts at contact without a subpoena or court order.

IV.     Conclusion

Having found that the combination of conditions of Mr. William's pretrial release is the least restrictive combination of conditions that will assure his appearance as required, his motion to reconsider denial of his motion to modify those conditions will be denied. Further, his request for clarification of a condition of the court's release order will be denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Frederick V. William's motion to reconsider denial of his request for modification of conditions of release (doc. # 607) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Frederick V. William's motion to clarify the court's release order (doc. # 607) be, and the same hereby is, DENIED as moot.

DATED December 31, 2015.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge