UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:12-CR-463 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| FREDERICK VERNON WILLIAMS, et al., | |
| Defendant(s). | |

Presently before the court are defendants Jacqueline Gentle, Frederick Williams, and Carolyn Willis-Casey's motions for judgments of acquittal pursuant to Federal Rule of Criminal Procedure ("Rule") 29(c). (Doc. ## 737, 738, and 740). The government filed a response to the motions. (Doc. # 744). The defendants have not filed replies, and the time for doing so has passed.[1]

Also before the court are defendants Jacqueline Gentle and Denise William's motions for joinder to Frederick William's motion for acquittal. (Doc. ## 739, 742). The government filed a response. (Doc. # 743). The defendants have not filed replies, and the time for doing so has passed.

## I.     Background

The facts of the instant case are familiar to the court and the parties and will be discussed below with respect to each defendant's motion. The defendants in this matter were charged by way of a thirty-two count superseding indictment filed May 20, 2014. (Doc. # 240). The parties

---

[1] Mr. Williams, despite having an attorney of record, has filed a *pro se* reply. (Doc. # 751). Local Rule ("LR") IA 10-6 prohibits a "party who has appeared by attorney" from appearing or acting in the case "while so represented." LR IA 10-6. Mr. Williams has violated that rule by filing a *pro se* reply while represented by the federal public defender's office. Mr. Williams has also violated Local Criminal Rule ("LCR") 47-7 by filing a reply brief in excess of twenty pages without leave from the court. *See* LCR 47-7. Mr. William's reply will not be considered, and the court will order it stricken from the record.

**James C. Mahan**
**U.S. District Judge**

proceeded to a jury trial on January 4, 2016. On January 15, 2016, the jury returned guilty verdicts as to all defendants on varying counts. (Doc. ## 720–23).

## II. Legal Standard

A defendant may move for a judgment of acquittal, or renew such a motion, within fourteen days after a guilty verdict. FED. R. CRIM. P. 29(c). Such a motion is reviewed for sufficiency of the evidence. *United States v. Stoddard*, 150 F.3d 1140, 1144 (9th Cir. 1988).

"The standard of review for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Inzunza*, 638 F.3d 1006, 1013 (9th Cir. 2009) (emphasis in original) (internal quotation marks omitted) (citing *Jackson v. Virginia*, 443 U.S. 307, 318 (1979) (explaining that "the critical inquiry" is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt")).

"[The] district court must bear in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002). "Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." *United States v. Reyes-Alvarado*, 963 F.2d 1184, 1188 (9th Cir. 1992).

## III. Discussion

The court will address each defendant's motion in the order in which they were filed.

*A.   Jacqueline Gentle's motion for judgment of acquittal*

The jury found Ms. Gentle guilty of the following charges: theft of government money (count 4); false statement in an application for a passport (count 5); false citizenship claim (counts 7, 25); conspiracy to commit mail fraud (count 9); mail fraud (count 10); aggravated identity theft (count 24); misuse of a United States passport (count 26); and misuse of a social security number (count 27).

Ms. Gentle is a citizen of Belize and not of the United States. Nevertheless, she obtained a U.S. passport after submitting a 2006 original passport application and, after losing the original passport, filing a lost passport application in 2010. Her conviction on counts 5 and 24 relate to the false lost passport application filed in 2010.

**James C. Mahan**
**U.S. District Judge**

Ms. Gentle attempted to obtain a Nevada Department of Motor Vehicles ("DMV") driver's license instruction permit on December 4, 2008, falsely claiming to be a citizen of the United States. Ms. Gentle also attempted to falsely obtain a DMV identification card ("I.D.") on or about February 24, 2014. Her count 7 conviction relates to the 2008 application, while the convictions on counts 25, 26, and 27 relate to the 2014 application.

Finally, Ms. Gentle, along with her codefendants, participated in an alleged conspiracy to steal money of the United States in the form of unemployment benefits. Defendant Frederick Williams was the alleged mastermind of the scheme, which was perpetuated through his fictitious businesses, Luna Consulting ("Luna") and Centro American Import ("Centro"). Ms. Gentle's convictions on Counts 4, 9, and 10 relate to the unemployment fraud scheme.

Ms. Gentle argues that the government did not offer sufficient evidence to prove that she knowingly committed each crime. With respect to the fraud convictions, she argues that the government did not produce evidence that she acted with an intent to deceive or defraud the United States, as required. *See United States v. Shipsey*, 363 F.3d 962, 967-68 (9th Cir. 2004). She argues that she may have associated with other members of the conspiracy, but did not have the requisite intent to be a participating member of the conspiracy. Ms. Gentle asserts that a rational trier of fact could not, therefore, find beyond a reasonable doubt that she had the intent necessary to support each of her convictions.

The government argues that it has presented sufficient circumstantial evidence from which the jury could reasonably infer that Ms. Gentle knew certain statements in the various applications or claims she was charged with filing were false. In other words, she was aware of the falsity of the statements and did not act through ignorance, mistake, or accident. The prosecution also argues that it offered sufficient evidence of Gentle's intent to deceive or defraud the United States.

        **i.**        **False claims on passport and DMV applications (counts 5, 7, 24–27)**

First, with respect to the charges related to her 2010 passport application, 2008 DMV application, and 2014 DMV application, the government argues that it offered circumstantial evidence that demonstrates Ms. Gentle knew she was not a U.S. citizen. It contends that Ms. Gentle made a false representation that she was a U.S. citizen in connection with each of the crimes charged in counts 4, 5, and 24–27.

Counts 5 and 24 charge Ms. Gentle with false statement in an application for U.S. passport and aggravated identity theft, respectively. The government argues that she violated both crimes

**James C. Mahan**
**U.S. District Judge**

by listing Anthony Todd Gentle, who is not in fact Ms. Gentle's father, as her deceased birth father on her 2010 lost passport application.[2]

The government presented evidence that both Ms. Gentle and codefendant Deon Gentle, her brother, filed original applications for U.S. passports in 2006, claiming Anthony Todd Gentle, a U.S. citizen, was their father. Ms. Gentle's application was granted, but Deon Gentle's application was denied based on questions about the legitimacy of his relationship to Anthony Gentle. The prosecution offered evidence that Ms. Gentle lived with Deon at the time the application was denied at 2104 Venus Avenue, apartment C, in North Las Vegas, Nevada.

The government suggests that Ms. Gentle would have known Mr. Gentle's passport application was denied based on questions about his relationship to Anthony Gentle. It thus argues that *even if* she did not know Anthony Gentle was not actually her father when she first applied for a passport as a minor in 2006, she would have known that he was not in fact her father when her brother's application was rejected based on that very representation.[3]

The court finds that a rational trier of fact could have inferred that Ms. Gentle was aware that Anthony Gentle was not her father, and that she was therefore not a U.S. citizen because she was living with her brother at the time his 2006 passport application was rejected based on the same false statement. The jury found that Ms. Gentle's testimony to the contrary was not credible, and the court will not upset that credibility determination. *See Alarcon-Simi*, 300 F.3d at 1176.

Ms. Gentle continued to represent that Anthony Gentle was her father in her 2010 lost passport application, which she does not dispute. The court thus finds that the jury reasonably concluded beyond a reasonable doubt that defendant knew that Anthony Gentle was not her father when she represented such on her 2010 lost passport application, thereby committing the crimes of false statement in an application for passport and aggravated identity theft—counts 4 and 25.

Having already concluded that Ms. Gentle knew Anthony Gentle was not in fact her father when her brother's 2006 application was denied, the jury could also have inferred that Ms. Gentle knew she was not a citizen of the United States when she later represented the same on her 2008

---

[2] For the purposes of aggravated identity theft, the use of a person's name qualifies as use of a "means of identification" under 18 U.S.C. § 1028A(a)(1). *See* 18 U.S.C. § 1028(d)(7)(A).

[3] No defendant offered any evidence that Mr. Gentle ever contested or objected to the passport office's determination in 2006 that he was not related to Anthony Gentle.

James C. Mahan
U.S. District Judge

- 4 -

DMV application. The jury's guilty verdict on Count 7 is thus supported by the same inference as the verdicts on counts 4 and 25.

The same evidence supports the jury's conviction on counts 25–27 for false citizenship claim, misuse of a U.S. passport, and misuse of a social security number in connection with Gentle's 2014 DMV application. In addition, those guilty verdicts are supported by the government's evidence that Ms. Gentle's passport was officially revoked, based on her lack of U.S. citizenship, on January 8, 2013.

The government offered evidence that the U.S. State Department sent notice of the revocation to Ms. Gentle. Shortly thereafter, her husband, a U.S. citizen, filed a petition for an alien relative for her on February 19, 2013, listing the same address to which the State Department mailed the notice of revocation as Gentle's current residence.

Taken together, these facts support the jury's conclusion that by February 19, 2013, at the *very* latest, Ms. Gentle was fully aware she was not a U.S. citizen. Thus the jury's conclusion that she knew she was not a U.S. citizen when she later claimed to be on a 2014 DMV application, using the revoked passport and a fraudulently obtained social security number as fraudulent proof, is supported by additional evidence.

Based on the foregoing analysis, "the record evidence reasonably support[s] a finding of guilt beyond a reasonable doubt" on counts 5, 7, 24, 25, 26, and 27 against defendant Gentle. *See Jackson v. Virginia*, 443 U.S. at 318.

### ii.     Unemployment fraud and theft of government money (counts 4, 9, 10)

Ms. Gentle is charged with theft of government money, conspiracy to commit mail fraud, and mail fraud in counts 4, 9, and 10, respectively. Count 4 requires the government to prove that Ms. Gentle knowingly and willfully stole money from the United States. *See* 18 U.S.C. § 641. Count 10 requires the government to prove that Gentle knowingly defrauded the United States government by falsely claiming unemployment benefits. *See* 18 U.S.C. § 1341. For count 9, the government must prove she participated in a conspiracy to commit such fraud. *See* 18 U.S.C. § 1349. Counts 9 and 10 both require proof that Ms. Gentle intended to deceive or cheat the federal government. *See id.*; 18 U.S.C. § 1341.

Ms. Gentle argues that the government failed to offer competent evidence that shows or forms the basis for a reasonable inference that Ms. Gentle knew that Luna Consulting and Centro American Export were sham businesses. She asserts that she believed she was doing actual work

there, and she did not willfully or deceitfully make misrepresentations in her claims for unemployment benefits.

Ms. Gentle's assertion that "[t]his category of charges require[s] that Ms. Gentle knew about Luna Consulting – that it was a fictitious business, that she did no work for it and that she was therefore not entitled to unemployment insurance benefits" is not correct. (Doc. # 737 at 4). While proof of these facts could support a conviction on these counts, the government could alternatively prove that Ms. Gentle's knowingly made *any* false statement with respect to her employment at Luna and Centro in her unemployment claims (*see* 18 U.S.C. § 1341), that she made that statement with the intent to defraud the government (counts 9 and 10), and that she did so with the willful[4] intent to steal money belonging to the United States (count 4).

The court finds that the prosecution did present such evidence. The government offered evidence that in each of the relevant years—2009, 2010, and 2011—Ms. Gentle submitted both federal income tax returns to the Internal Revenue Service ("IRS") and wage reports to the Nevada Department of Employment, Training, and Rehabilitation ("DETR"). Both documents contained representations concerning her employment with Luna or Centro in each year. For each year, the prosecution demonstrated that the wages reported in the tax return were materially different than the wages reported in the DETR wages reports. (*Compare, e.g.*, doc. # 733, Exh. 28 (reporting $15,730.00 in 2009 wages to DETR) *with* doc. # 733, Exh. 93 (reporting $12,256.00 in total 2009 wages on tax return)).

A rational trier of fact could reasonably conclude that if Ms. Gentle believed she had actually earned, for instance, $15,730.00 at Luna in 2009, then she knew that her representation in her federal tax return that she made $12,256.00 in total wages was false. Alternatively, if she believed that she had only made $12,256.00 in total wages in 2009, then she knew that her representation in her wage report that she earned $15,730.00 at Luna was false. Because neither number was in fact accurate or consistent with Ms. Gentle's testimony about her work at Luna, the jury reasonably concluded that she knew both were false.

---

[4] In this context, willful means that the representation was voluntarily and deliberately made with knowledge that the defendant's conduct was, in a general sense, unlawful. *See Bryan v. United States*, 524 U.S. 184 (1998).

James C. Mahan
U.S. District Judge

- 6 -

Furthermore, the government offered substantial other evidence that form the basis for a reasonable inference that Ms. Gentle knowingly and intentionally provided the government with false and inconsistent statements to willfully obtain fraudulent benefits.

For instance, her 2011 tax return included a Centro form W-2 reporting $22,201.00 in wages paid to Ms. Gentle. Ms. Gentle testified at trial that she never worked for Centro at any time. Centro itself did not report any wages paid for any employee to DETR in 2011. (Doc. # 733, Exh.'s 28 and 95). In April of 2011, Ms. Gentle filed a Nevada welfare application indicating she had not held a job within the last three months. (Doc. # 733, Exh. 224). From October 2011 to December 2011, she represented to DETR, on a weekly basis, that she was unemployed. (Doc. # 733, Exh. 281). Later, on a form G-325, "Biographical Information" report dated February 15, 2013, she failed to report any employment at Luna or Centro during any of the relevant years, including 2011. (Doc. # 733, Exh. 15.01).

The myriad instances of inconsistent statements combined with Ms. Gentle's similarly inconsistent testimony at trial form the basis for a reasonable inference that she was intentionally misrepresenting her employment history to various agencies in order to unlawfully obtain monetary government benefits. The evidence offered against her codefendants at trial demonstrates additional facts which support the jury's finding that Ms. Gentle voluntarily participated in a conspiracy to do the same.

"The record evidence [therefore] reasonably support[s] a finding of guilt beyond a reasonable doubt" on counts 4, 9, and 10 against defendant Gentle. *See Jackson v. Virginia*, 443 U.S. at 318.

The court finds that the government offered sufficient evidence to support the jury's verdict against Ms. Gentle on each conviction challenged in her motion. The motion will be denied.

B.   *Frederick William's motion for judgment of acquittal*

Mr. William's motion—in its entirety—reads:

> Mr. Williams would like to preserve all of the arguments he presented as part of his FRCP 29(a) motion and incorporate the same in his FRCP 29(c)(1) motion. Undersigned was advisory counsel at that time and currently does not have a transcript detailing the nature of those arguments. This Court denied the motion at that point and, due to the fact that transcripts are not available yet, no new arguments exists in support of the current motion.

(Doc. # 738 at 2).

**James C. Mahan**
**U.S. District Judge**

- 7 -

Mr. Williams does not offer any further points and authorities in support of the arguments he originally made in his Rule 29(a) motion.[5] Thus, this purported Rule 29(c) motion shall be denied on the same grounds that his Rule 29(a) motion during trial was denied. The court finds that the government provided sufficient evidence from which a rational trier of fact could find guilt beyond a reasonable doubt against Mr. Williams for each of the crimes charged in the superseding indictment for which the jury convicted him.

Defendants Jacqueline Gentle and Denise Williams filed motions to join Mr. William's motion for judgment of acquittal. (Doc. ## 739, 742). Mr. William's motion seeks only to preserve the arguments he made with respect to his own Rule 29(a) motion at trial. *See supra*.

Mrs. Williams and Ms. Gentle cannot assert preservation of Mr. William's Rule 29 motions on their own behalf. *See Alderman v. United States*, 394 U.S. 165 (1969) (holding that defendants do not have "standing" to assert in their own defense the denial of certain constitutional rights to others). To the extent they seek to do so, their motions are denied.

Mrs. Williams and Ms. Gentle may also be attempting incorporate Mr. William's arguments from his Rule 29(a) motion at trial into arguments for why their own judgments of conviction should now be set aside. However, neither defendant offers points and authorities in support of such a motion.[6]

To the extent defendants request such an incorporation, the motions will be denied on the same grounds that Mr. William's Rule 29(a) motion during trial was denied. The court finds that the government provided sufficient evidence from which a rational trier of fact could reasonably find guilt beyond a reasonable doubt against Mrs. Williams and Ms. Gentle for each of the crimes for which the jury convicted them.

C.   *Carolyn Willis-Casey's motion for judgment of acquittal*

The jury found Ms. Willis-Casey guilty of committing mail fraud (count 20). (Doc. # 727). She was acquitted for, amongst other things, theft of government money (count 4) and conspiracy to commit mail fraud (count 9). (*Id.*) She argues that the judgment of conviction on count 20 should be set aside because the government failed to produce evidence that a notice of monetary

---

[5] LCR 47-9 states that the "failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion." LCR 47-9.

[6] *See supra* n. 5.

determination, the item the government alleges was fraudulently obtained by means of the mails, was ever actually mailed. Further, defendant suggests that it is logically inconsistent to sustain a guilty verdict on count 20, while simultaneously acquitting her on counts 4 and 9.

The government first argues that it provided sufficient proof that the monetary determination notice had been mailed. It asserts that the testimony of Special Agent James Buck of the Department of Labor, the testimony of DETR investigator Steve Zulke, and DETR records admitted into evidence show that the notice was indeed mailed.

Mr. Zulke and Mr. Buck testified that new unemployment benefit applicants receive pre-paid debit cards to access their unemployment compensation. They testified further that existing applicants were instead mailed notices of monetary determination and could access funds using the existing debit card. The court admitted government's exhibit 32, which is a DETR record purporting to show that a notice of monetary determination was mailed to Denise Williams on September 13, 2010, the same date charged in count 20 of the superseding indictment. (*See* doc. ## 240 and 733 at 16).

After hearing the testimony of Mr. Zulke and Mr. Buck and being given an opportunity to observe and analyze government's exhibit 32, a rational trier of the fact could find beyond a reasonable doubt that Ms. Willis-Casey caused DETR to mail her a notice of monetary determination on September 13, 2010.

Next, the government correctly argues that "consistency in the verdict is not necessary." *Dunn v. United States*, 284 U.S. 390, 393 (1932) ("Each count in an indictment is regarded as if it was a separate indictment."). There are no exceptions to this rule. *United States v. Hart*, 963 F.2d 1278, 1281 (9th Cir. 1992) (citing *United States v. Powell*, 469 U.S. 57, 67 (1984)).

The court finds that "the record evidence reasonably support[s] a finding of guilt beyond a reasonable doubt" on count 20 for Ms. Willis-Casey. *See Jackson v. Virginia*, 443 U.S. at 318. Specifically, the government provided proof to support a rational trier of fact's finding that a notice of monetary determination was mailed to Ms. Willis-Casey on September 13, 2010, beyond a reasonable doubt. Her motion will be denied.

### IV.   Conclusion

The court finds that the government provided sufficient evidence to sustain the jury's guilty verdicts on each of the convictions challenged by defendants.

**James C. Mahan**
**U.S. District Judge**

1    Accordingly,

2    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Jacqueline Gentle's motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) (doc. # 737) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Frederick William's motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) (doc. # 738) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Carolyn Willis-Casey's motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) (doc. # 740) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Jacqueline Gentle's motion for joinder to Frederick William's motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) (doc. # 739) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Denise Williams's motion for joinder to Frederick William's motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) (doc. # 742) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Frederick William's reply to the government's response to his motion for judgment of acquittal (doc. # 751) be, and the same hereby is, STRICKEN from the record in this matter.

DATED April 12, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**