UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:12-CR-463 JCM (VCF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| FREDERICK VERNON WILLIAMS, | |
| Defendant(s). | |

Presently before the court is Frederick Vernon Williams' ("petitioner") motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (ECF No. 966). The United States of America ("the government") filed a response (ECF No. 980), to which petitioner replied (ECF No. 988).

**I.   Background**

On May 20, 2014, the federal grand jury returned the third superseding indictment charging petitioner with false statement in application for passport, false citizenship claim, aggravated identity theft, theft of government money, conspiracy to commit mail fraud, and mail fraud. (ECF No. 240). Petitioner proceeded to trial, and on January 19, 2016, a jury verdict was entered finding petitioner guilty of counts 1–4, 8–16, 19–20, 22, 28, 30, and 32–33. (ECF No. 719; 724). Petitioner was found not guilty on the remaining counts against him. *Id.*

On July 18, 2016, the court sentenced petitioner to an aggregate 87 months' custody and a three-year term of supervised release. (ECF No. 831). The court ordered restitution in the amount of $297,738. (ECF No. 834). Judgment was entered on July 21, 2016. *Id.*

**II.   Legal Standard**

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C.

**James C. Mahan**
**U.S. District Judge**

§ 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). Further, "[i]f a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so," the defendant is in procedural default. *Johnson*, 988 F.2d at 945; *see also Bousley v. United States*, 523 U.S. 614, 622 (1998).

Defendants who fail to raise an issue on direct appeal may later challenge the issue under § 2255 only if they demonstrate: (1) sufficient cause for the default; and (2) prejudice resulting from it. *See Bousley*, 523 U.S. at 622. The "cause and prejudice" exception revives only defaulted constitutional claims, not nonconstitutional sentencing errors. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994).

Further, ineffective-assistance-of-counsel claims are an exception to procedural default, since the trial record is often inadequate for the purpose of bringing these claims on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *see also Schlesinger*, 49 F.3d at 509 ("[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255.").

**III. Discussion**

As an initial matter, because petitioner is filing *pro se*, the court will liberally construe his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent

**James C. Mahan**
**U.S. District Judge**

- 2 -

standards than formal pleadings drafted by lawyers." (internal quotation marks and citation omitted)). "Moreover, 'strict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (quoting *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); citing *Veit v. Heckler*, 746 F.2d 508, 512 (9th Cir. 1984)).

On the other hand, this court "lacks the power to act as a party's lawyer, even for pro se litigants." *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007). Further, "[t]he right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Faretta v. Cal.*, 422 U.S. 806, 834 (1975); *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984) ("A pro se defendant is subject to the same rules of procedure and evidence as defendants who are represented by counsel.").

*A. Denial of Requested Jury Instruction*

First, petitioner contends the court's failure to instruct the jury as he requested constituted a prejudicial error that violated his due process rights. (ECF 966 at 3). The government asserts that petitioner procedurally defaulted on this claim because he failed to raise the issue on appeal and, alternatively, that his legal position is fundamentally flawed. (ECF No. 980 at 9).

Failure to instruct on petitioner's theory of the case at trial is reversible if the theory is legally valid and applicable to the case based on the evidence adduced at trial. *United States v. Escobar de Bright*, 742 F.2d 1196, 1198 (9th Cir. 1984); *see also Beardslee v. Woodford*, 378 F.3d 560, 577 (9th Cir. 2004); *United States v. Scott*, 789 F.2d 795 (9th Cir. 1986).

However, the statute on which petitioner relies states that a passport shall have the same "force and effect" as other citizenship documents if "issued by the Secretary of State to a *citizen of the United States*." 22 U.S.C. § 2705(1) (emphasis added). This statute assumes the individual claiming citizenship has not fraudulently acquired the passport. Petitioner urges the court to grant him the benefit of a statute's protection because he successfully violated another statute by fraudulently obtaining a passport. Because this theory has no legal foundation, the court is not required to instruct the jury on it. *See Escobar de Bright*, 742 F.2d at 1198. The court thus denies petitioner's motion as to his first claim.

James C. Mahan
U.S. District Judge

- 3 -

*B. Denial of Motion to Suppress*

Plaintiff also contends that the court erred by denying his motion to suppress evidence obtained via an allegedly overbroad search warrant. (ECF No. 966 at 6). Plaintiff raised this challenge both pretrial and on appeal. (ECF Nos. 120; 261). Plaintiff's argument in the instant motion mirrors his pretrial challenge of the warrant. (*Compare* ECF No. 120, *with* ECF No. 961). Petitioner may not use the instant motion to relitigate issues this court has already addressed and that the Ninth Circuit has already affirmed.

Furthermore, review of a motion to suppress is highly deferential to a magistrate judge's finding of probable cause. *See United States v. Krupa*, 658 F.3d 1174, 1177 (9th Cir. 2011); *United States v. Hill*, 459 F.3d 966, 970 (9th Cir. 2006). Probable cause does not require certainty, or even a preponderance of the evidence. Instead, there need only be "a fair probability that contraband or evidence of a crime will be found in a particular place" in order to support a finding of probable cause. *Illinois v. Gates*, 462 U.S. 213, 214 (1983)." "And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." *Id.* at 238–39 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)). Because the Ninth Circuit determined there was no clear error in the finding of probable cause as to the location or the scope of the warrant, this court rejects petitioner's claim. (ECF No. 914 at 3).

*C. Denial of Motion to Sever*

Petitioner also claims that the court's denying his motion to sever him from his codefendants and to sever several counts of the indictment was prejudicial. (ECF No. 966 at 12–13).

On one hand, the Federal Rules of Criminal Procedure allow the government to charge two or more defendants in the same indictment or information "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed R. Crim P. 14(a). On the other hand, Rule 14 gives the court authority to sever the defendants' trials or provide "any other relief that justice requires" if joining the defendants "in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or

**James C. Mahan**
**U.S. District Judge**

- 4 -

the government." Fed R. Crim P. 14(a).  The United States Supreme Court has clarified the tension in the rules as follows:

> [W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

*Zafiro v. United States*, 506 U.S. 534, 539 (1993).

The defendant seeking severance must be substantially prejudiced because "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro,* 506 U.S. at 540; *see also United States v. Jenkins*, 633 F.3d 788, 807 (2011) ("The possibility of acquittal in a separate trial is not itself sufficient to require severance.").

Although separate trials may be appropriate when there is a high risk of prejudice, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539 (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)); *see also United States v. Escalante*, 637 F.2d 1197, 1201 (1980) ("The prejudicial effect of evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction by the trial judge.").  Severance is required only when the prejudice to the defendant is "of such magnitude that the defendant [would be] denied a fair trial."  *Escalante*, 637 F.2d at 1201.

Petitioner has not demonstrated compelling cause and prejudice regarding his joinder with codefendants.  Indeed, the Ninth Circuit rejected a failure-to-sever argument that petitioner's codefendant advanced.  (ECF No. 914 at 3–4).  Codefendant Gentle moved for severance based on, among other things, an antagonistic defense.  (ECF No. 95).  The court denied the motion and instructed the jury at trial to consider the guilt or innocence of each defendant independently of one another.  (ECF Nos. 120; 128; 914 at 4).  The Ninth Circuit affirmed this court's decision and further noted that "the jury convicted each [d]efendant on some but not all counts.  The jury's selective verdict indicates it was able to compartmentalize the evidence."  (ECF No. 914 (citing *United States v. Stinson*, 647 F.3d 1196, 1205 (9th Cir. 2011))).

James C. Mahan
U.S. District Judge

Petitioner has thus failed to show that the result of his trial would have been different had the court granted severance, particularly in light of the fact that the jury acquitted him of several counts.

To the extent that petitioner argues he had to incriminate himself while testifying in defense of his codefendant, his claim is patently false. Petitioner was not obligated to testify in defense of his wife. He chose to do so. The court will not grant his motion because he is displeased with the result of his decision.

Petitioner also argues that the joinder of all counts against him in a single indictment resulted in prejudice. (ECF No. 966 at 13). Offenses may be joined in an indictment "if the offenses charged . . . are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Transaction is a word of flexible meaning that may comprehend a series of related occurrences." *United States v. Friedman*, 445 F.2d 1076, 1083 (9th Cir. 1971) (quoting *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926)) (internal quotations omitted). Rule 8(a) is to be interpreted broadly to allow joinder. *Id.* at 1082. The validity of the joinder is based solely on allegations found in the indictment. *United States v. Von Willie*, 59 F.3d 922, 929.

All counts against petitioner were part of a common scheme. *See United States v. Kinslow*, 860 F.2d 963, 966 (9th Cir. 1988) (overruled on other grounds). Each count dealt with petitioner's plan to falsely claim government benefits through the use of a false citizenship claim. (ECF No. 240). Counts 1–3 and 8 related to petitioner's application for a passport as a prerequisite to obtaining the benefits he sought and his resulting false claim of citizenship. Counts 9–23 related to the mail fraud scheme petitioner and his codefendants perpetrated to acquire many of these benefits. Counts 28–30 and 32–33 dealt with the theft of government money as a result of benefits acquired due to petitioner's false statements in acquiring a passport. Each count was part of a single "transaction" in that they were related occurrences in furtherance of an ongoing fraud scheme. *See United States v. Friedman*, 445 F.2d at 1083. Each count against petitioner related

back to at least count 1 and multiple other counts. (*See* ECF No. 240). Thus, joinder was appropriate, and petitioner's claim of misjoinder is denied.

*D. Constructive Amendment*

Petitioner further argues that the government constructively amended counts 1 and 28 of the indictment such that it fundamentally affected his due process rights. (ECF No. 966 at 15–20).

A constructive amendment occurs "when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them." *United States v. Van Stoll*, 726 F.2d 584, 586 (9th Cir. 1984). Constructive amendment is prejudicial when it expands the conduct for which the defendant could be found guilty. *Stirone v. United States*, 361 U.S. 212, 291 (1960); *see also United States v. Dipentino*, 242 F.3d 1090, 1092–93 (9th Cir. 2001); *Howard v. Daggett*, 526 F.2d 1388, 1390 (9th Cir. 1975).

A constructive amendment is prejudicial when the alteration from the indictment allows the defendant to be convicted based on behavior different from that alleged in the indictment. *United States v. Garcia-Paz*, 282 F.3d 1212, 1216 (9th Cir. 2002). "A variance between indictment and proof does not require reversal unless it affects the substantial rights of the parties." *United States v. Kaiser*, 660 F.2d 724, 730 (9th Cir. 1981).

Petitioner first alleges the government constructively amended count 1 in that it misidentified the individual he named as his father in his application for a passport. (ECF No. 966 at 16). Petitioner fixates on this discrepancy throughout his motion and argues that since the government focused on an Eric Williams born in 1958, rather than 1959, the indictment was constructively amended such that it was prejudicial.

The indictment charged petitioner with making a false statement. (ECF No. 240 at 3). Whether that false statement was that his father was Eric Lee Williams born in 1958 or Eric Williams born in 1959 does not alter the fact that petitioner made a false statement in applying for a passport. Indeed, the Ninth Circuit agreed with this court, finding that the variance did not affect petitioner's substantial rights. (ECF No. 914 at 9). Because this variance was not substantial in any way, the court denies petitioner's motion on the theory that constructive amendment of count 1 was prejudicial.

**James C. Mahan**
**U.S. District Judge**

- 7 -

1    Petitioner also alleges that count 28 was constructively amended because it charged him
2    with stealing money from the Social Security Administration in the form of disability benefits
3    rather than the survivors widow's benefits the government argued at trial. (ECF No. 966 at 18).
4    This is the first time petitioner has brought this argument. While the court holds *pro se* litigants
5    to less stringent standards, a failure to address an argument both pretrial and on appeal constitutes
6    an error the court cannot overlook. Petitioner fails to show any cause as to why he did not address
7    this argument on appeal and fails to show that he was prejudiced by the alteration.

8    Even broadly construing petitioner's filings to avoid procedural default, he committed
9    fraud in acquiring benefits from the Social Security Administration. The discrepancy between
10   disability benefits and widows' benefits did not alter the conduct required for a conviction on the
11   count. *See Garcia-Paz*, 282 F.3d at 1216.

12   Petitioner cites a veritable casebook of regarding the difference between these benefits.
13   (ECF No. 966 at 19–20). However, this distinction is irrelevant to determining whether petitioner
14   stole money from the US government. Petitioner was not eligible for either benefit so there was
15   no prejudice from referring to one or the other.

16   The cases that defendant cites involve an amendment that fundamentally changed or added
17   to the conduct required for a conviction. *See, e.g.*, *United Solis v. Solis*, 841 F.2d 307, 308–309
18   (9th Cir. 1988) (constructive amendment occurred when a jury was allowed to convict of either
19   possession or distribution of heroin when the indictment charged only distribution.); *United States*
20   *v. Cusmano*, 659 F.2d 714, 719 (6th Cir. 1981) (constructive amendment occurred when jury was
21   allowed to find extortion by threats or physical violence when the indictment charged only threat
22   of economic loss). Because there was no difference in the conduct required for a conviction—
23   fraudulent misrepresentations to secure benefits to which he was not entitled—petitioner fails to
24   show prejudice as a result of the difference he asserts, and the court dismisses the claim.

25   *E. Actual Innocence*

26   In a fifth claim, plaintiff asserts he is actually innocent of count 3 because the government
27   failed to produce any evidence he used identification belonging to "Eric Lee Williams" in his
28   application for a passport. (ECF No. 966 at 20). This court has already rejected this argument and

**James C. Mahan**
**U.S. District Judge**

- 8 -

the Ninth Circuit has affirmed.  (*See* ECF No. 914 at 9).  Petitioner's motion raises no new arguments undermining either court's ruling, and the court thus dismisses the claim.

### *F. Denial of Motion for Acquittal*

Petitioner claims that the court erred in denying a motion to acquit for multiple counts.  (ECF No. 966 at 23).  However, the majority of these claims are procedurally defaulted.  Petitioner raises new arguments as to counts 4, 9, and 10–16 that he did not bring on direct appeal.  However, he is procedurally barred from raising those claims for the first time in the instant motion.  *See Bousley*, 523 U.S. at 621.

Petitioner's claim as to counts 19, 20, and 22 is not procedurally defaulted, however.  Petitioner asserts that the government solicited knowingly false testimony from a witness.  This argument fails on the merits.  Even if the testimony offered was false, the Ninth Circuit held that other, non-controversial evidence allowed the jury to make a reasonable inference of guilt.  Petitioner offers no evidence compelling the court to relitigate this claim of false testimony.  Accordingly, the court denies petitioner's claim as it relates to the denial of the motion for acquittal.

### *G. Denial of Subpoenas*

Petitioner also argues that the court erred by denying subpoenas for three witnesses.  (ECF No. 25).  Petitioner posits that testimony from these witnesses was critical to his defense and he was thus denied an opportunity to provide a complete defense.  *Id*. at 26.

Petitioner characterizes the central question to his defense as whether Eric Williams, born 1959, exists.  *Id.*  Petitioner suggests the testimony of Nicole Shore would definitively answer that question, and that the court's denial of a subpoena for her testimony hampered his defense.  *Id.*  This line of argument fundamentally mischaracterizes the nature of the charge against petitioner.  The pertinent question was not whether this Eric Williams existed, but whether petitioner lied on the passport application.  Shore's proposed testimony is irrelevant to that question.

Additionally, petitioner suggests that denying subpoenas for Adian Gonzalez and Joseph Freight was prejudicial.  (ECF No. 966 at 26).  Petitioner claims these two witnesses would have

**James C. Mahan**
**U.S. District Judge**

- 9 -

offered testimony that they received shipments from Luna Consulting, the business allegedly used to fraudulently acquire unemployment benefits. *See id.*

The existence of the company is immaterial to the charges at hand. Petitioner was charged with, and subsequently convicted of, mail fraud regarding fraudulent unemployment claims. (ECF No. 240 at 8-9). The existence of a set of shipments to the two proffered witnesses adds nothing to a defense against mail fraud. Whether the company sent shipments to Belize, and indeed, whether the company existed at all, has no bearing on whether petitioner used the mail system to commit fraud related to unemployment. Accordingly, petitioner's claim that the court's denial of three subpoenas unfairly prejudiced his defense is denied.

*H. Ineffective Assistance of Counsel*

The purpose of the effective assistance guarantee is "to ensure that criminal petitioners receive a fair trial." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). To prevail on a claim of ineffective assistance of counsel, the petitioner must show that her counsel's performance was deficient and that she was prejudiced by that deficiency. *Id.* at 687.

"First, the defendant must show that counsel's performance was deficient." *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . ." *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* To establish deficient performance, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

"Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694.

*1. Post-Trial*

After proceeding to trial *pro se*, petitioner challenges the effectiveness of his counsel at sentencing. (ECF No. 266 at 27). The Federal Public Defenders Office supposedly was ineffective for two reasons. First, counsel failed to advance critical arguments in a motion for acquittal. *Id.* Second, he asserts that failing to investigate his restitution of fraudulently acquired funds prior to sentencing constituted ineffective assistance of counsel. *Id.*

The court now turns to the argument regarding the motion for acquittal. Petitioner seems to disagree with the content of counsel's motion for acquittal. *See Id.* It is not clear from the instant motion exactly what petitioner objects to within that motion. Regardless, disagreeing with counsel's tactical decisions does not necessarily mean counsel was ineffective. *See Wildman v. Johnson* 26 F.3d 832, 840 (9th Cir. 2001). Even if petitioner's vague assertion established inadequacy, petitioner fails to articulate any alternative that would have made a difference in the outcome. Thus petitioner does not meet the second prong of the ineffective counsel analysis. *See Strickland,* 466 U.S. at 687.

Petitioner also claims that a failure to investigate constituted ineffective assistance of counsel. (ECF No. 966 at 27). Petitioner states that counsel did not adequately prepare for sentencing because she failed to request documentary evidence from several sources that showed he paid back portions of the fraudulently obtained funds. *Id.* Petitioner claims that this significantly affected his eventual sentence. *Id.*

When calculating loss, courts can use actual loss or intended loss, whichever is higher. 18 USCS Appx. § 2B1.1 cmt. app. n.3(A). Here, petitioner offers no evidence that he repaid any of the funds in question. In his motion, petitioner mentions only $5000 in unused student loan funds. Even assuming *arguendo* that he could prove those funds were ineligible for calculation into the loss amount, the resulting $293,738 in remaining fraudulently obtained funds is still well above the lower bound of the sentencing range at $250,000. *See* USCS Appx. § 2B1.1(b)(1). Petitioner therefore fails to prove either ineffectiveness or prejudice because he has not provided evidence that there was any substantive reason to request the documents, or that they would have made a difference at sentencing. *See Strickland*, 466 U.S. 668 at 689, 694.

**James C. Mahan**
**U.S. District Judge**

*2. On appeal*

Petitioner also contends that appellate counsel on appeal was ineffective by failing to mention certain facts and failing to investigate. (ECF No. 966 at 28).

"[D]isagreement with counsel's tactical decision cannot form the basis for a claim of ineffective assistance of counsel." *Wildman*, 261 F.3d at 840. Furthermore, failing to raise a meritless argument on appeal does not constitute ineffective assistance. *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985).

Petitioner argues that because counsel failed to address several materials facts surrounding the search warrant, he received ineffective assistance. (ECF No. 966 at 28). These arguments are unavailing. Appellate courts evaluate search warrants under a highly deferential standard. *See Krupa*, 658 F.3d at 1177; *Hill*, 459 F.3d at 970; *Gourde*, 440 F.3d at 1069. Assuming *arguendo* that counsel's performance in failing to argue these facts was deficient, petitioner would still have to prove that the facts he presented would alter the outcome of the trial.

Petitioner asserts no new facts that would call the magistrate judge's determination of probable cause into question. An individual does not have to reside at an address—or even have entered it—for there to be probable cause. Instead, there need be only a "fair probability" that evidence of a crime exists at the place in question. *United States v. Chavez-Miranda,* 306 F.3d 973, 978 (9th Cir. 2002). The nature of mail fraud and conspiracy suggests a wide range of documents and other physical evidence existed at a variety of locations. The magistrate judge did not err in authorizing the search of the home of one member of the conspiracy. *See United States v. Adjani*, 452 F.3d 1140, 1144-45 (9th Cir. 2006). Petitioner fails to point to any facts that would materially alter the result of the appeal, and the court thus rejects his claim of ineffective assistance of appellate counsel as to the search warrant claim.

Petitioner further argues a variety of failure to investigate claims, all centering around the recurring refrain that the difference between Eric Williams, 1959, and Eric Williams, 1958, is somehow fatal to the government's case. (ECF No. 966 at 29–30). The Ninth Circuit held that the difference between the two Eric Williams' did not affect petitioner's substantial rights. (ECF No. 914 at 9). Counsel is not deficient for failing to raise a decidedly meritless argument. *See*

James C. Mahan
U.S. District Judge

- 12 -

*Boag*, 769 F.2d at 1344.  The court denies petitioner's claim of ineffective assistance of counsel both post-trial and on appeal.

### *I. Cumulative Error*

Because the court has found no errors it nevertheless deems harmless, the cumulative error doctrine is inapplicable.  (*See* ECF No. 914 at 11 (citing *United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996))).

### *J. Certificate of Appealability*

The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides in pertinent part as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> . . .
>
> (c)
>
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

1  issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v.*
2  *McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

3  The court finds that petitioner has not made the required substantial showing of the denial
4  of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists
5  would not find the court's determination that movant is not entitled to relief under § 2255
6  debatable, wrong, or deserving of encouragement to proceed further.  The petitioner fails to brief
7  the issue of a certificate of appealability entirely, and the court finds no issue in the instant motion
8  worthy of further consideration.  Therefore, the court declines to issue a certificate of appealability.
9  *See Slack*, 529 U.S. 484.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 966) be, and the same hereby is, DENIED.

The clerk is directed to enter separate civil judgment denying petitioner's § 2255 motion in the matter of *Williams v. United States*, case number 2:19-CV-01408-JCM.

DATED June 5, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 14 -